DANIEL N. BASH *et al.*

*v.*

THOMAS A. HILL *et al.*

1. CONTRACT—*services to effect sale.* Where the plaintiffs are employed by defendants to assist in making a trade in real estate with a promise of a certain compensation in case the same is effected, and do assist in bringing about a trade, they will be entitled to recover the sum agreed to be paid, even though the defendants had changed their proposition, with a view to dispense with plaintiffs' services, when the plaintiffs received no notice of such fact.

2. When a party engages the services of another to assist him in making an exchange of property, if he desires to dispense with such services, he should give the other party notice. If he does not, and the service is rendered, he will be required to pay for the same.

APPEAL from the Circuit Court of Cook County; the Hon. HENRY BOOTH, Judge, presiding.

The facts are substantially stated in the opinion. The court, on its own motion, gave the following instruction:

"If the jury find from the evidence that the defendants agreed with the plaintiffs, that, in case the plaintiffs would assist the defendants in making the trade in real estate set forth in the declaration; and that in case the said trade should be made, the defendants would pay the plaintiffs the sum of

$1,200; and if the jury further find from the evidence, that the plaintiffs, relying upon such agreement of the defendants, did assist the defendants in making such trade, and such trade was in fact made, then the plaintiffs are entitled to recover."

Messrs. SPAFFORD, MCDAID & WILSON, for the appellants.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This suit was brought by appellees, in the circuit court of Cook County, against appellants, to recover commissions as real estate agents, on property claimed to have been sold, and in the sale of which appellees aided appellants, all parties being real estate brokers. The declaration contains a special count, only, in which it is averred that appellants employed appellees to assist them in effecting a sale of real estate near the city, and for which they agreed to pay appellees $1,200 for their services in consummating the sale; that the sale was made to persons named.

The evidence, on the part of appellees, sustains the averments in the declaration. The contract was sworn to, as set forth in the declaration, by both appellees and one Hawhe. One of appellants swore that the offer was to give appellees $1,000 to assist them in effecting a different sale; or rather, the same property, but on different and better terms. And Crawford, one of the purchasers, testifies that several propositions were made in reference to the exchange of property, which was accomplished. An exchange or sale of the property was made, and appellees swear they aided its completion, and that if any change in the terms occurred, they were not notified of it, or in anywise apprised that appellants had so changed propositions as to dispense with, or intended to dispense with their services. They deny that when they were employed they were informed of the propositions then pending between the parties.

Appellants, having engaged the services of appellees, should, if they desired to dispense with their services, have given them notice. On the contrary, they seem to have omit-

ted to do so, thus availing themselves of their services, and when the trade is made they refuse to compensate them.

We fail to see that there was a variance between the declaration and proof. Appellees' evidence sustained the agreement set out in the declaration, while that of appellants is variant.

The jury, however, believed appellees' to be true, and were fully warranted in acting upon it. The evidence would have warranted a verdict for the amount claimed in the declaration, but appellants have no right to complain, as this verdict operates in their favor. We perceive no error in the instruction given by the court on its own motion. It states the law of the case correctly, and could not have misled the jury. Perceiving no error in the record, the judgment of the circuit court is affirmed.

*Judgment affirmed.*