## RABB v. JOHNSON.

[No. 3,590.  Filed April 11, 1902.]

BROKERS.—*Commissions.*—*Sale of Land.*—*Finding Purchaser.*—Where, under a contract to pay a broker a certain percentage on a stated selling price per acre for certain described land "in case he furnished a purchaser for said property" at such price, the broker obtained a purchaser who agreed to take the land at such price and give in exchange certain personal property, and the landowner examined the personal property, inventoried it, agreed upon its value as being equal to that of the land, and agreed to make the exchange, but subsequently refused to complete the trade, the broker is entitled to the commission, since the contract did not require that the broker should find a purchaser for cash, or that the sale of the land should be actually consummated on some other terms. *pp. 666–668.*

SAME.—*Commissions.*—*Pleading.*—An answer to a complaint in an action by a real estate broker for commission alleging that the broker did not act in good faith but fraudulently induced the defendant to agree to an exchange of his land for personal property which he knew was not worth as much as defendant's property is insufficient, where no direct averment of facts showing fraud is made. *pp. 668–670.*

From Fountain Circuit Court; *D. H. Chase*, Judge.

Action by J. Roach Johnson against Edwin Rabb for real estate commission. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*C. M. McCabe,* for appellant.

*J. A. Lindley* and *O. P. Lewis,* for appellee.

BLACK, J.—The appellant was sued by the appellee to recover a commission for service as a real estate broker in finding a purchaser for the appellant's land. Assignments questioning the action of the court in overruling the appellant's demurrer to the complaint for want of sufficient facts, and in sustaining appellee's demurrer to the fourth paragraph of the appellant's answer, are pressed in argument.

The first paragraph of complaint showed that the parties made a contract in writing whereby the appellant certified that he had placed his described land in the hands of the appellee real estate agent for sale, and agreed to pay the agent "in case he furnish a purchaser for said property" certain percentages on the purchase price of the land, "price $40 per acre;" and the appellee accepted the property on such prescribed conditions.

It was alleged that the appellee advertised the land for sale, and procured purchasers therefor in the persons of H. R. Snapp & Son, who were the owners of a valuable livery, feed and sale stable at, etc., and were engaged in the business of conducting the same, and who agreed to pay the appellant the price asked by him as stipulated in the contract, $40 per acre, aggregating $8,320, if the appellant would accept in lieu thereof their said livery, feed and sale stable; that the appellee effected meetings from time to time between the appellant and Snapp & Son, and by and through the appellee, at the instance and request of the appellant, and in pursuance of said contract, such negotiations were entered into and had, that it was fully and finally agreed that the appellant should and would execute a good and sufficient deed of conveyance of his said real estate to Snapp &

Son, and that in consideration thereof, Snapp & Son should and would transfer, set over and deliver to the appellant all their right, title, interest and claim in and to the livery, feed and sale stable, consisting of, etc., describing the personal property owned and used by Snapp & Son in that business; that the property to be so delivered by Snapp & Son to the appellant was duly examined and inventoried by the appellant, and the value thereof was duly fixed and fully agreed upon by the appellant and Snapp & Son, the aggregate value thereof as agreed upon between them being equal to the sum of $8,320, the sum asked by the appellant for the real estate as shown by said contract; and it was further mutually agreed and understood by and between the appellee and the appellant upon the one part, and by Snapp & Son upon the other, that the appellant should return to his home in Fountain county, Indiana, and that he would on the next day, July 21, 1899, return to the city of Danville, Illinois, where Snapp & Son were conducting the livery stable, and consummate said sale and trade by the execution of a good and sufficient deed of conveyance for the real estate to Snapp & Son, and by accepting and taking possession of the livery stable; that on the 21st of July, 1899, and for a considerable period thereafter, Snapp & Son were standing able, ready and willing to carry out said agreement of purchase and sale and to consummate it on their part, but the appellant failed and refused to execute a conveyance of said land to Snapp & Son, or in any way, manner or form whatever to carry out the terms of said agreement, sale and purchase on his part, and instead thereof, the appellant repudiated said contract and revoked the appellee's agency for the sale of the real estate, all without any fault, failure or default on the part of the appellee or of the purchasers, Snapp & Son. The complaint alleged demand and refusal, and stated the amount due and unpaid, etc.

It was not necessary, as it seems to be supposed by counsel for appellant, that the appellee should either find a pur-

chaser for cash or that a sale of the land should be actually consummated on some other terms. It was sufficient that he should find a person whom the appellant accepted as such a purchaser as was contemplated by the contract, and who was willing, ready, and able to comply with the terms of purchase agreed upon by and between the appellant and such proposed purchaser. The parties thus by their conduct put upon the contract a construction by which they should be bound. If the appellant could not be held by his verbal contract to convey his land, yet he himself prevented the consummation of the sale, and he can not be heard to pretend, as he now does, that the verbal contract made between the appellant and the furnished purchaser was one in which the appellee had no rightful interest, under his contract with the appellant, or to claim that the appellee did not find a purchaser under and in compliance with his contract to do so.

In the fourth paragraph of answer the appellant admitted the making of the contract with the appellee, but alleged that the appellee did not act in good faith with the appellant, and did not use his best endeavors to sell the property for the appellant on the best terms obtainable, in this, that the appellee fraudulently and secretly agreed and colluded with said Snapp & Son to induce the appellant to convey his farm to Snapp & Son in even exchange for said livery stable stock, and did fraudulently persuade and undertake to induce the appellant to make said trade, the appellee well knowing that said livery stable property was not worth as much as appellant's said farm by $2,000; that as soon as the appellant discovered that the appellee was not acting in appellant's behalf in good faith, as by his contract he was bound to do, the appellant refused to effect such exchange, and broke off all further negotiations with Snapp & Son.

Good faith on the part of such an agent is necessary to entitle him to compensation, but good faith must be presumed until fraud is shown, not by mere recitals, but by the

direct averment of facts constituting fraud. The failure to act in good faith is here alleged to have consisted in this, that the agent fraudulently and secretly agreed and colluded with the prospective purchaser to induce the appellant to convey his farm to such purchaser in even exchange for the livery stable stock, and did fraudulently persuade and undertake to induce the appellant to make the trade, the agent well knowing that the livery stable was not worth as much as the farm by a certain amount. The subsequent portion of the answer adds nothing by way of a charge of fraudulent conduct on the part of the appellee. The value of the livery stable stock is not stated in the answer, nor is it alleged to have been of less value than the farm. The question of comparative values was not presented by the words in the answer, "plaintiff well knowing that the said livery stable property was not worth as much as defendant's said farm by $2,000." The answer does not present an issue as to difference of value in the two properties. The apparent purpose of the pleader is to show bad faith of the agent in persuading the principal to dispose of his land to his disadvantage, but there is a failure to show that the transaction would have been disadvantageous to the principal. There is no contradiction of the showing in the complaint of a completed verbal agreement between the appellant and the purchaser found by the appellee. It is alleged in the complaint that the personal property was examined and inventoried by the appellant, and that its value was duly fixed and fully agreed upon by him and Snapp & Son.

The appellee was employed, not to make a sale either at a certain price or on the best terms he could obtain, nor to procure a contract binding upon the appellant, but to find a purchaser, the price of the land being stated. His engagement was performed when he brought the appellant into communication with one with whom the appellant himself agreed upon terms of a sale which was afterward frustrated by the appellant himself.

It is not shown in the answer that the appellant relied upon the appellee's judgment, nor that the appellee by failure to exercise his judgment in the interest of his principal in any manner actually entrusted to him caused his principal to make an agreement against his interest; nor is it shown that the appellant relied upon any representation, or was induced by any persuasion of the appellee to make the agreement with Snapp & Son.

The answer fails to show a relation of agent and principal between the appellee and Snapp & Son, or by direct averment of facts to show a violation of duty imposed by the fiduciary relation between the appellee and the appellant.

Judgment affirmed.