# Alexander v. Smith.

## *Assumpsit.*

(Decided December 5, 1912. Rehearing denied February 13, 1913. 61 South. 68.)

1. *Brokers; Commissions; Defenses.*—In an action by a real estate broker to recover commissions for procuring a purchaser at a fixed price, the fact that the broker intimated to the purchaser that the property might be secured for less was no defense; while a broker owes his principal absolute fidelity, yet an intimation, being an indirect suggestion capable of erroneous interpretation, is not sufficient to show infidelity as a matter of law.

2. *Same.*—Where a real estate broker was engaged to find a purchaser for land at a fixed price, and there was nothing in the contract of sale as to the terms of the sale, it was not necessary that he should find a purchaser for cash to entitle him to his commissions, it being enough that he found a purchaser who bought on terms satisfactory to the owner.

3. *Same; Compensation; Estoppel.*—Where a real estate broker was employed to sell land at a fixed price, but nothing was said as to the terms of the purchase and payment, the acceptance by the owner of a purchaser found by the broker who did not pay cash

[Alexander v. Smith.]

estops the owner from denying that the terms offered were satisfactory.

4. *Same; Instructions.*—Where it appeared without conflict that the property had been sold for the stipulated minimum price, and that the owner knew of the broker's efforts in securing a purchaser, the court may properly assume those facts in its charge.

5. *Same.*—Where the only evidence of any revocation of a broker's authority was that of a revocation by the wife of the owner, a charge on revocation by the owner is abstract, and without support in the evidence.

6. *Same.*—Where the owner transferred the lands to his wife, who in turn sold it to the purchaser procured by the broker, a charge tending to fix the attention of the jury upon the actions of the defendant's wife in revoking the agency, is misleading.

7. *Same; Commission; Revocation.*—Where a broker is employed to find a purchaser, and has begun negotiations, no revocations of his authority is possible unless brought home to him by actual notice.

8. *Same; Compensation.*—To earn commissions for finding a purchaser a broker need not participate in the negotiation, it being enough that he is an efficient cause of the offer to purchase.

9. *Same.*—Where defendant had transferred the land to his wife after making a contract with a broker to sell it, and the wife in turn sold it to the purchaser secured by the broker, a charge asserting, that if the defendant sold the land to his wife prior to the time of the purchase, then the verdict should be for the defendant, although he promised and intended at the time of the sale to pay a commission to the plaintiff, entirely omitted the issue whether the intervening sale to the wife was a mere device to defraud plaintiff, and was consequently properly refused.

10. *Same.*—Where a real estate broker did everything necessary to earn his commission under his contract with a landowner to procure a purchaser for the land, he cannot be deprived of his compensation because the land owner's sale of the property was without intent to defraud him of his compensation.

11. *Same.*—Where all the evidence tended to show that the purchaser had been procured by the broker, a charge asserting that the verdict should be for defendant if the jury could not tell whether the trade was made through plaintiff or another, was properly refused as not conforming to the evidence.

12. *Same; Evidence.*—In an action by a broker for compensation in procuring a purchaser, it was competent to admit evidence of the length of time covered by the broker's correspondence with the landowner.

13. *Same.*—Where the action was by a broker for compensation for procuring a sale, evidence that defendant stated to another that he intended to give the plaintiff something regardless of the suit, was not an offer to compromise, but was an admission and properly admitted.

14. *Charge of Court; Assuming Facts.*—In an action by a broker to recover compensation for securing a purchaser, where the defendant

[Alexander v. Smith.]

landowner had transferred the property to his wife, who in turn transferred it to the purchaser procured by the broker, but the facts were not such as would justify the court in holding as a matter of law that this was a mere device to defraud the broker, a charge asserting that if the broker found the purchaser, and defendant accepted him, the broker made out a prima facie case, is not erroneous as assuming a transfer to the wife to be a mere device to defraud the broker, in view of the presumption that in other parts of the oral charge the law on all disputed questions was properly stated.

15. *Same; Applicability to Evidence.*—Charges which make an assumption contrary to the facts as shown by the evidence, are properly refused, as are charges submitting an issue not raised by the evidence or the pleadings.

16. *Same; Covered by Those Given.*—Where the court had given an adequate instruction on the burden of proof in an action by a broker for compensation for procuring a purchaser, a charge asserting that if the evidence was in irreconcilable conflict so that the jury could not tell which side was right or wrong, then the verdict should be for defendant, was properly refused as covered by the charges given, and as possessing misleading tendencies.

17. *Appeal and Error; Harmless Error; Evidence.*—Where a party later has the benefit of evidence formerly excluded, its former exclusion is harmless error.

18. *Same; Review; Finding of Jury.*—The weight to be given conflicting evidence. and the conclusions to be arrived at therefrom are jury questions, and their determination by the jury, will not be reviewed on appeal.

APPEAL from Calhoun Circuit Court.

Heard before Hon. HUGH D. MERRILL.

Assumpsit by A. J. Smith against O. M. Alexander. Judgment for plaintiff and defendant appeals. Affirmed.

The first three counts were the common counts. The fourth was for breach of contract based upon the letter referred to in the opinion, as were the fifth and sixth counts. The facts appear in the opinion.

The following charges, among others, were refused to the defendant:

"(1) If O. M. Alexander, acting for himself, or acting as agent for his wife, in good faith withdrew the lands from the market, and took such steps as would appear to be proper to a reasonable man to notify

Smith of this withdrawal, then Smith's authority under the contract in this case ended, and the said Alexander or his wife had the right to sell· the land to any person they saw fit.

"(2) The court charges the jury that the defendant had the right to place the lands in question in the hands of W. H. McKleroy to be sold by him, and if the defendant acted in good faith in selling the lands to McBurnett, through the said McKleroy, and without any intention to deprive Smith of his commission, then your verdict should be for the defendant.

"(3) If the jury is reasonably satisfied from the evidence that no proposition of sale of the lands in question was ever made by Smith to McBurnett, plaintiff cannot recover.

"(4) If McBurnett never accepted any proposition for the sale of the land in question made by Smith, acting for Alexander, then the plaintiff cannot recover in this case."

"(9) If you are reasonably satisfied that the defendant sold this property to his wife prior to the time of the purchase by McBurnett, then your verdict should be for the defendant, even though you may believe that the defendant promised and intended at the time of the sale to pay a commission to the plaintiff."

"(11) The court charges you that, if the property in question was sold by the defendant to his wife prior to the purchase by McBurnett, then your verdict should be for the defendant, even though the defendant intended at the time of the sale of Mrs. Alexander to McBurnett to pay Smith a commission."

"(16) The court charges you that, if the property had been sold by the defendant to his wife prior to the purchase by McBurnett, then the defendant would not owe the plaintiff anything, even though at the time of

[Alexander v. Smith.]

the sale to McBurnett the defendant intended and expected to pay a commission to the plaintiff.

"(17) The court charges the jury that if Alexander, acting in good faith and for a valuable consideration, conveyed the land in question to his wife prior to the sale of the land by her, to the said McBurnett, then plaintiff would not be entitled to recover as against the defendant O. M. Alexander, but his right of action would be, if any, against Mrs. Alexander, if the jury is further reasonably convinced that in making said sale the said Alexander was acting as agent for his wife, if the said Mrs. Alexander knew of the contract heretofore existing between Alexander and Smith."

"(10) The court charges the jury that if Alexander either acting for himself or as agent for his wife sold the lands in question in good faith, and without any intention of defrauding Smith out of his commission, then your verdict should be for the defendant."

"(12) The court charges the jury that defendant had the right under the terms of the contract in this case to sell the lands in question to any one he desired to sell the same to, and if in selling the same to McBurnett he acted in good faith, and without any intention of defrauding Smith out of his commission, then your verdict should be for defendant.

"(13) The court charges the jury that, under the terms of the contract in this case, the presumption of law is that the sale of the lands in question was to be for cash, and in the absence of authority to that effect the plaintiff Smith has no right to make any offer of said land on terms, and if his offer of said land was on terms, the defendant Alexander was under no legal obligation to accept said offer, and, unless he did accept it as made by said Smith, your verdict should be for the defendant."

[Alexander v. Smith.]

To like effect were charges 14, 15, 20, 21, and 22.

Charge 18: "If the jury cannot tell whether the trade was made through the plaintiff, or through Mc-Kleroy, your verdict should be for the defendant.

"(19) If the evidence is in such irreconcilable conflict that the jury cannot tell which side is right and which is wrong, your verdict should be for the defendant; the burden of proof being upon the plaintiff."

TATE & WALKER, O. M. ALEXANDER, and WILLETT & WILLETT, for appellant. The statement made by the agent to the purchaser that the property might be bought for less was undisputed, and showed such an absence of loyalty and fidelity on the part of the agent as to entitle defendant to the affirmative charge.—*McGarr v. Adams*, 65 Ala. 106; *Henderson v. Vincent,* 84 Ala. 99; *Green v. So. S. L. Co.*, 141 Ala. 680; *Handley v. Shaffer*, 59 South. 286. There was error to injury in giving charge 5 requested by plaintiff, and in refusing charges 11 and 16 requested by defendant.—Story on Agency, sec 499; Meecham on Agency, sec. 220; 64 Ill. 548; 86 Ill. 142; 34 Minn. 98; 42 Atl. 622; *Coker v. State*, 91 Ala. 92. Counsel discuss the evidence but without citation of authority. The contract plainly stated that the price was to be not less than $15,000.00, which imported that the sale was to be for cash, and the purchaser obtained did not pay cash. Hence, the contract was not complied with, and plaintiff was not entitled to recover. The defendant certainly had a right to sell the property to his wife, and under the facts in this case, it could not be successfully assailed. *Wertheimer v. Freiling*, 57 South. 708. The agency was not one coupled with an interest, and was therefore revokable at the will of the principal.—*Chambers v. Seay*, 73 Ala. 372; 1 A. & E. Enc. of Law, 1217; 125 U. S. 339. The sale to Mrs. Alexander was a revoca-

tion of Smith's agency.—1 A. & E. Enc. of Law, 1219; 24 Minn. 216; 144 Mass. 256; *Bailey v. Smith,* 103 Ala. 641. Counsel discuss the charges in the light of the above authorities, and insist that the refusal of charges requested by appellant constituted reversible error.

KNOX, ACKER, DIXON & STERNE, for appellee. Statements made by appellant that he intended to compensate Smith, regardless of the suit were admissions and not offers to compromise, and were consequently admissible.—16 Cyc. 948; 2 Mayf. 51. The length of time of correspondence between appellant and appellee was of the res gestæ and properly admitted. The oral charge of the court was without error.—*Alexander v. Alexander,* 71 Ala. 295; *B. & A. R. R. Co. v. Norris,* 59 South. 66; *Powell v. State,* 59 South. 328. Where a broker is the procuring cause of the sale of land made by the owner without the broker's personal intervention, he is entitled to compensation although the owner may be ignorant of the fact that the broker found the purchaser.—*Handley v. Shaffer,* 59 South. 286. By accepting the purchaser the principal estopped himself from denying that the terms offered were satisfactory. —63 N. E. 580; 36 Pac. 882; *Bingham v. Davidson,* 141 Ala. 551; 19 Cyc. 242, and authorities supra. Counsel discuss the charges in the light of the above authorities, and insist that the court was without error in its action thereon. Smith could sue Alexander personally on the contract made by him as agent for an undisclosed principal.—*Wood v. Brewer,* 73 Ala. 259; *Richmond Co. v. Morgan,* 119 Ala. 80. Notice of re vocation must have been brought home to the agent.— *Henderson v. Vincent,* 84 Ala. 99; *Sayre v. Wilson,* 86 Ala. 151.

SAYRE, J.—Plaintiff (appellee) sued for commissions earned in finding a purchaser for a tract of land

owned by defendant. The contract between the parties was evidenced by a letter written to plaintiff, in which defendant said: "I hereby put said place in your hands for a sale at a price not less than fifteen thousand dollars ($15,000) and will allow you 10 per cent. for effecting any sale thereon to your parties. However, as I now have prospects of selling same, and may have other future prospects, I reserve the right to make such sales myself to parties I myself may interest. But any sales to parties you find I shall allow the said commission of 10 per cent. and all you get above said price of fifteen thousand dollars ($15,000)." This was in June, 1910. During the next six months plaintiff negotiated with one McBurnett for a sale of the place, and, though plaintiff and McBurnett at no time reached an agreement, no reason appears for doubting that plaintiff was instrumental in taking McBurnett to defendant as a prospective purchaser, or that defendant was unaware of plaintiff's agency in bringing about the result. After the negotiation between defendant and McBurnett had reached a point where nothing deferred complete agreement and its formal execution except their common purpose to secure partial relief from plaintiff's demand, the justice of which in principle they both recognized, defendant by an offer of $1,000, McBurnett by an effort to have plaintiff take his commission in the stock of a corporation which he proposed to form—after the negotiation had reached this stage, defendant sold the property to his wife in payment of a debt he owed her, advised plaintiff of the sale, and notified him that the property was withdrawn from the market. Shortly thereafter defendant and his wife sold the property to McBurnett. As to the terms of the sale so made to McBurnett, the transaction was given a guise somewhat different, but the effect of it

was that the property was sold for $15,000, part of which was presently paid; the balance being deferred and secured by a vendor's lien expressly reserved.

Pretty well all the law involved in this case had clear and careful statement in our recent case of *Handley v. Shaffer*, 177 Ala. 636, 59 South. 286. For the most part we need only to make application of the principles of that case to the questions raised by the assignments of error.

McBurnett testified that pending the negotiation between plaintiff and himself plaintiff said that he was a friend of Alexander, and "intimated" that he might buy the property for less than $15,000, but that "he (plaintiff) never did get and present an offer of the property for anything less than $15,000." On the strength of this bit of evidence, which was undisputed, appellant (defendant) insists that plaintiff betrayed his employer, and ought not to be allowed to recover —that defendant was entitled to the general charge. Plaintiff owed defendant full fidelity in the service he undertook and upon his faithfulness depended his right to compensation. Whatever the jury might have inferred, it cannot be said that the evidence in question established as matter of law plaintiff's betrayal of his employer's interest. By the terms of his contract plaintiff could claim nothing unless the property brought the stipulated price, thus removing the temptation for him seriously to represent that it might be bought for less. An intimation is a mere hint, an obscure or indirect suggestion, a remote or ambiguous reference, and is easily capable of erroneous interpretation. In view of the nature of the evidence upon which appellant's contention is placed and of the necessary operation of the stipulation of the contract for a minimum price, and evidence which went to show that

plaintiff informed defendant that McBurnett would try to get the property for less than $15,000 and advised defendant not to accept less, stating, in substance, that McBurnett would come to that figure, we think the trial judge properly held the law of the case when he instructed the jury, as he did in effect, that, if in other respects plaintiff had earned his commission, he was not to be deprived merely because he may have stated to the purchaser that Alexander might be willing to sell the land for less, if he did so state, but that, in order to deprive him of his right to compensation on this account, he must have acted in bad faith toward defendant, thus leaving with the triers of fact the question of plaintiff's alleged unfaithfulness.

In the course of the oral charge the trial judge said to the jury that: "If he, the plaintiff, has reasonably convinced you from this evidence that he effected the sale for the price mentioned in the contract, $15,000, he would be entitled to his 10 per cent. commission, or, in case he found this purchaser, McBurnett, and the defendant accepted him, he has made out a prima facie case." Objection was taken specifically to the last alternative of this instruction. Three faults are found in the court's statement of the law: (1) It is alleged to have ignored the terms of the contract of employment which appellant construes as contemplating a sale for spot cash only; (2) it ignored appellant's right to revoke plaintiff's agency and to make a sale for himself, which right was expressly reserved in the contract; (3) it authorized a recovery by plaintiff, even though defendant accepted McBurnett as a purchaser in ignorance of the fact that there had been negotiation between him and the plaintiff. As to the first objection: The contract fixed a minimum selling price; but it said nothing of terms upon which payment might be defer-

red. It was not necessary, under this contract, that plaintiff should find a purchaser for cash to be presently paid. It was enough that he found a purchaser who bought at the stipulated minimum price on terms in other respects satisfactory to his principal.—*Rabb v. Johnson*, 28 Ind. App. 665, 63 N. E. 580. "When a contract of employment does not mention the terms upon which a sale will be made, terms satisfactory to the principal are implied."—19 Cyc. 242, note 80. This is the law of our cases.—*Bingham v. Davidson*, 141 Ala. 551, 37 South. 738. It was substantially so stated by the court in that other part of the oral charge to which exception was reserved. By accepting the purchaser the principal estopped himself to deny that the terms offered were satisfactory. As to the second and third: There had been negotiation between plaintiff and McBurnett which took the latter as a prospective purchaser to defendant, or to McKleroy, who seems to have acted for both McBurnett and defendant—as he might do with propriety, if both parties were advised of his dual capacity—of all which the evidence shows conclusively and without conflict defendant had notice. The sale was confessedly effected for the stipulated minimum price. For the purposes of a statement of the law to the jury the court might without error assume the existence of these uncontroverted facts.—*Montgomery v. Wyche*, 169 Ala. 181, 53 South. 786. As for defendant's sale to his wife, the court could not properly assume as matter of law that it was a device by which defendant sought to avail himself of the benefit of plaintiff's efforts while avoiding liability for plaintiff's compensation thereby earned, yet the sale to the wife and the wife's sale to McBurnett were so nearly related in point of time and so apparently the result of one purpose as to constitute prima facie one

transaction, herein differing from *Bailey v. Smith,* 103 Ala. 641, 15 South. 900, in which case negotiations were definitely broken off, and the owner subsequently in good faith sold on terms far less favorable than those upon which he had authorized the broker to sell, and this, along with other circumstances which may have attracted the attention of court and jury, though they need not be stated in detail, was enough, not only to afford an inference of a design to accept the beneficial result of plaintiff's efforts without awarding just compensation, but sufficed perhaps to put the burden of explanation upon the defendant. At any rate, the hy· pothesis of the charge that "the defendant accepted" the purchaser found by plaintiff implied an acceptance in the manner indicated by the tendencies of plaintiff's evidence. Any adequate statement of the law of this feature of the case required further statement along the line we have pointed out, but the court could not in a sentence lay down the entire law of the case, and we must presume, to save error, that in other parts of its oral charge the court laid down the law in respect to all disputed propositions fully and fairly to the jury.—*A. G. S. Ry. v. Sanders,* 145 Ala. 449, 40 South. 402.

There was no error in the refusal of charge 1 requested by defendant. So far as concerned defendant's withdrawal of the land from the market, implying of course a revocation of plaintiff's authority to sell, the charge was abstract, since the only evidence of a withdrawal was that which showed Mrs. Alexander's withdrawal. But there was no occasion for her act of withdrawal, for she had at no time engaged the services of plaintiff. The charge was misleading because it tended to fix the jury's attention upon what Mrs. Alexander did as determinative of plaintiff's right to a com-

mission, whereas plaintiff had no contract with her and what she did was immaterial except as the jury may have accepted it as tending to show her collusion with defendant in an effort to deprive plaintiff of justly earned compensation.  Moreover, if a revocation attempted at the stage then reached by the negotiation, which thereafter progressed without a halt to a consummated sale, could have been of any consequence, it could have been so only upon actual notice of it carried home to the broker.—*Sayre v. Wilson*, 86 Ala. 158, 5 South. 157.

Charge 2, of the refusal of which appellant complains, assumes that the sale was made without the effective agency of plaintiff. But the testimony showed right clearly that plaintiff had been instrumental in bringing about the sale. The charge was properly refused.

Charges 3 and 4, requested by appellant, were well refused.  To earn commissions for finding a purchaser, the broker need not participate in the negotiation between vendor and vendee. Enough that he is an efficient cause of the offer to purchase. He need not be the sole cause.—*Handley v. Shaffer, supra.*

Charges 9, 11, and 16, refused to appellant, would have told the jury that, if defendant sold the land to his wife before his wife sold to McBurnett, plaintiff could not recover. If, in order to help along appellant's argument, we could indulge an inference not necessarily involved in the language used, we might suppose that the intention was to formulate statements of the law in respect to executory agreements of sale, rather than consummated sales, for otherwise, in view of the uncontradicted testimony concerning the order of these sales, these charges would have amounted to the general charge for defendant, to which obviously,

the defendant was not entitled. But these charges were bad, even though their language in reference to sales be construed with unwarranted favor to appellant, for they omit entirely the inseparable inquiry, propounded by the evidence, whether the intervening sale to the wife was not a mere device to save the commission defendant had agreed to pay on any sale to a purchaser found by plaintiff.—*Cook v. Forst,* 116 Ala. 395, 22 South. 540.

Charge 17 dealt with a question foreign to the issues made by the pleading, or, as we see it, the evidence— a supposed right of action against Mrs. Alexander. Thus the charge was confused and misleading. It was refused without error.

Charges 10 and 12 seem to assert that, although plaintiff had done everything necessary to earn a commission under his contract with defendant, yet he could have no commission if defendant then sold the property to McBurnett without intending to deprive plaintiff of his commission. This proposition is obviously bad.

The question raised by charge 13 has been discussed at sufficient length. So of charges 14, 15, 20, 21, and 22.—*Handley v. Shaffer, supra.*

If plaintiff found the purchaser for defendant's land at $15,000, he was entitled to his commission. The contract so provided. Charge 18 was well refused.

Charge 19 was refused without error. The burden of proof was on plaintiff, and this meant that a verdict for the plaintiff should express the jury's reasonable conviction that the plaintiff had the right of the contention formulated by the pleadings between the parties. The familiar and adequate instruction is that the plaintiff carries the burden of proving his case to the reasonable satisfaction of the jury. This, and more in

[Alexander v. Smith.]

the way of emphasis and definition, the court gave in charge to the jury on defendant's request. The charge added nothing that could help the jury. On the contrary, it carried a vague suggestion that the result might be made to depend upon moralities more subtle than those which engage the attention of a practical jurisprudence. It seems to intimate the necessity for a greater degree of certainty than the law requires. The customary formula was enough, and we will not reverse for the court's refusal to state the proposition in unfamiliar and metaphysical shapes.

We find no error in the court's ruling which permitted appellee to state what length of time was covered by his correspondence with appellant. A true history of the case required a statement of that character, and, while the question may have been unduly general, the witness in his answer gave approximate dates which removed any objection to the testimony.

The court allowed the witness McBurnett to testify that defendant in a conversation with him expressed a willingness to treat plaintiff right, and that he was willing to give plaintiff something regardless of any suit or anything. As an admission of indebtedness this may have been very weak, but doubtless it was appraised by the jury at its true value. It was not an offer of compromise. It was the expression of an intention in some sort to pay, when, if defendant's contention were true, a denial of liability might have been expected. The testimony was competent.—16 Cyc. 948-9.

Other allegations of error need not be specifically argued out. In several instances appellant had the full benefit at a later stage of the case of those matters of evidence of the exclusion of which at any earlier stage he now complains. Others—a few—are manifestly without merit.

Appellant devotes much of his brief to a discussion of the weight of conflicting testimony. Appellee, ex majore cautela, apologetically follows suit. Questions of that sort were for the jury. We are not a jury, and, as the case is presented, we are unable, even though we were inclined, to interfere with the result. The case was fairly submitted to a jury for decision, without material error so far as we can see, and parties must abide the result. Let an affirmance be entered.

Affirmed. All the Justices concur.