## HERR *v.* McCONNELL.

[No. 9,600.    Filed May 1, 1918.]

1. BROKERS.—*Sale of Real Estate.—Commission Contracts.—Description of Real Estate.—Sufficiency.—Statute.*—A written contract, "I hereby agree to pay * * * for trading my 615 acres farm at Hopkins Park, Ills." sufficiently described the land to satisfy the requirements of §7463 Burns 1914, Acts 1913 p. 638, providing that contracts for commissions for the sale or exchange of real estate shall not be valid unless in writing and that any general reference to the real estate sufficient to identify the same shall be deemed to be a sufficient description thereof.    p. 531.

2. BROKERS.—*Exchange of Real Estate.—Commission Contract.—*
    VOL. 67—34.

*Right to Compensation.*—Under a contract to pay commission, "for trading my 615 acres farm" at a certain place for a garage in another city, the agent was entitled to a commission on the exchange of such farm for the garage mentioned, although he merely furnished the customer and the owner closed the deal, which included the conveyance of additional land and making various arrangements as to incumbrances, without consulting the agent. (*Wellinger* v. *Crawford* [1911], 48 Ind. App. 173, distinguished.) p. 532.

From Newton Circuit Court; *Charles W. Hanley,* Judge.

Action by John McConnell against John Herr. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*W. H. Parkinson,* for appellant.
*John A. Dunlap* and *Frank Davis,* for appellee.

FELT, J.—This is a suit by appellee, John McConnell, against appellant, John Herr, to recover a commission alleged to be due for services as agent in the exchange of certain real estate. The case was tried by a jury on a second paragraph of complaint, which was answered by a general denial. The jury returned a verdict for appellee in the sum of $1,537.50. Appellant's motion for a new trial was overruled, and this appeal taken. The errors assigned are the overruling of appellant's demurrer to the second paragraph of appellee's complaint, and the overruling of his motion for a new trial.

The second paragraph of the complaint alleges in substance: That on October 28, 1914, the defendant entered into a written contract with plaintiff, as follows:

"Contract of Trade.
"Chalmers, Indiana.   Oct. 28-14.
"I hereby agree to pay to John McConnell

Two Dollars and 50 cents per acre for trading my 615 acres farm at Hopkins Park Ills. for Garage at Hoopeston Ills. when deal is closed.
              "Signed:        John Herr."

That defendant agreed to pay the sum of $2.50 per acre for trading 615 acres of land located near Hopkins Park, Illinois, for a garage at Hoopeston, Illinois; that plaintiff has done and performed all things on his part to be performed by him under said contract, and defendant has received and accepted said garage, but has failed to pay plaintiff the sum of $1,537.50 for his services aforesaid; that said amount is due and unpaid.

The demurrer was on the ground that said paragraph does not state facts sufficient to constitute a cause of action. The memorandum accompanying the demurrer states that: (1) The property is not specifically described; (2) the real estate is not so described as to authorize parol proof to identify it; (3) that the real estate referred to in the contract is not described in the complaint.

Appellee states that the case was tried on an amended second paragraph of complaint which he sets out in his brief, wherein the real estate is specifically described, but such amended paragraph does not appear in the transcript.

However, the complaint above set out is good as against the objections stated in the memorandum.

1.  Section 7463 Burns 1914, Acts 1901 p. 104, Acts 1913 p. 638, provides that contracts of the kind involved here shall not be valid, "unless the same shall be in writing, signed by the owner of such real estate or his legally appointed and duly qualified representative: Provided, That any general

reference to such real estate sufficient to identify the same shall be deemed to be a sufficient. description thereof.'' The foregoing contract contains such general reference and the complaint alleges that appellant received and accepted the property specified in the contract. The writing signed by appellant is sufficient to satisfy the requirements of the statute. *Doney* v. *Laughlin* (1911), 50 Ind. App. 38, 44, 45, 94 N. E. 1027, and cases cited; *Morton* v. *Gaffield* (1912), 51 Ind. App. 28, 32, 98 N. E. 1007; *Mullen* v. *Bower* (1898), 22 Ind. App. 294, 296, 53 N. E. 790.

Under the motion for a new trial appellant challenges the sufficiency of the evidence to sustain the verdict. The evidence shows that appellant closed the deal with Mr. Prevo, who was the customer furnished by appellee, but that in doing so he conveyed 897 acres, which included the 615 acres mentioned in the contract; that there was incumbrance on the 615 acres amounting to $30,250, and on the additional 282 acres, amounting to $7,000. Appellant conveyed the land subject to incumbrance amounting to $32,000, arranged the balance of the incumbrance that was on the land so as to protect Mr. Prevo, by giving a mortgage. on the garage, which was already incumbered by a building and loan mortgage amounting to over $4,000. Appellant took title to the garage subject to the incumbrance aforesaid, and received some furniture that went with the garage.

Appellee had some knowledge of negotiations between appellant and Mr. Prevo and his agents, and knew. that the latter did not accept the original proposition to trade for the 615 acres, but he was not present and had nothing to do with the final negotiations,

by which the agreement was reached on which the deal was closed. On November 3, 1914, he received a telegram from appellant stating, "Kankakee farm sold," which gave him the first information that the property had been sold by Mr. Herr.

There is some controversy in the evidence as to whether any other or different agreement was made about a commission other than that evidenced by the writing aforesaid. But for the purposes of this appeal, after verdict, we must view the proposition as resting upon the original agreement in accordance with appellee's contention, since there is evidence tending to support that view.

The latter proposition distinguishes the case at bar from that of *Wellinger* v. *Crawford* (1911), 48 Ind. App. 173, 89 N. E. 892, 93 N. E. 1051, relied upon by appellant. In that case the original written contract between the owner and agent stipulated a definite price and the commission to be allowed and paid for a sale at that price. Upon failure to procure a purchaser, the agent reported such fact to the owner, and by a parol agreement they materially modified their original written contract. The suit was based upon the written contract, but the complaint also showed that the property was not sold for the stipulated price of $5,000, but was sold for $4,500. In order to show compliance with the contract, the parol agreement was set up, by which it was claimed that the owner waived the condition of the written contract requiring the property to be sold for $5,000 and agreed to the price of $4,500. The court held "that such a condition in a contract, required under the statute of frauds to be in writing, cannot be waived or modified by parol."

The suit in this case is based upon the original written agreement. As above shown, appellee and appellant did not modify or change their contract. Appellant obtained the property mentioned in the commisison contract, from the customer furnished by appellee.

The fact that appellant conveyed additional land and made different arrangements about the incumbrance on the property in order to consummate the deal did not destroy or affect appellee's right to the commission for disposing of the land covered by his contract. He stood upon his contract and recovered only the amount specified therein.

The commission contract says nothing about the terms or conditions on which the trade was to be made, but stipulates for the payment of the commission for "trading my 615 acres farm, * * * when deal is closed." So long as the commission contract was unchanged, modifications of the terms of the trade by the owners of the property could not affect appellee's right to recover on his contract when the deal for the 615-acre farm was closed.

There is evidence tending to support the verdict. *Shelton* v. *Lundin* (1909), 45 Ind. App. 172, 176, 90 N. E. 387; *McFarland* v. *Lillard* (1891), 2 Ind. App. 160, 163, 28 N. E. 229, 50 Am. St. 234; *Storer* v. *Markley* (1904), 164 Ind. 535, 537, 73 N. E. 1081; *Cox* v. *Haun* (1891), 127 Ind. 325, 326, 26 N. E. 822; *Doney* v. *Laughlin, supra; Rabb* v. *Johnson* (1901), 28 Ind. App. 665, 667, 63 N. E. 580.

Appellant by his motion for a new trial challenges the correctness of instructions Nos. 6, 7 and 8 tendered by appellee and given by the court.

These instructions in different form convey the

idea that if appellee furnished appellant a customer as required by their written contract, and in pursuance thereof appellant effected an exchange of his property mentioned in such contract, on terms mutually agreed to by the owners of the property, differing to some extent from the terms mentioned in the commission contract, appellant would be liable for the specified commission, unless prior to such sale or transfer of the property appellant and appellee had in some way changed or modified their commission contract. The instructions so given are substantially correct under the issues and evidence of the case, and were not prejudicial to appellant's rights.

Complaint is also made of the refusal of the trial court to give the jury instructions Nos. 1, 2 and 3 tendered by appellant.

Each of these instructions is bottomed on the proposition that appellee cannot recover in this action, though he may have furnished the customer who traded for appellant's property mentioned in the commission contract, if the owners of the property exchanged did not trade on the precise terms suggested in such contract, though such modified terms were mutually and voluntarily agreed to by appellant and the customer so furnished by appellee.

The court did not err in refusing such instructions. The commission contract was not changed or modified in any way. Appellant obtained the benefit of the services performed by appellee, and the modification of the terms on which the trade was consummated did not relieve appellant from his obligation, since he transferred his property to the customer furnished by appellee and obtained the property mentioned in his written agreement.

The cases which deal with attempted parol modifications of commission or other contracts are not applicable to the facts of this case. *Shelton* v. *Lundin; supra; Provident Trust Co.* v. *Darrough* (1906), 168 Ind. 29, 36, 37, 78 N. E. 1030; *Miller* v. *Stevens* (1899), 23 Ind. App. 365, 371, 55 N. E. 262; *Wellinger* v. *Crawford, supra; Lowe* v. *Turpie* (1896), 147 Ind. 652, 681, 44 N. E. 25, 47 N. E. 150, 37 L. R. A. 233; *Carpenter* v. *Galloway* (1881), 73 Ind. 418, 423.

The cases already cited show that there was no error in the exclusion of evidence.

The case seems to have been fairly tried on the theory presented by the complaint and a correct result reached. No intervening error prejudicial to appellant has been shown. Judgment affirmed.

NOTE.—Reported in 119 N. E. 496. See under (1) 9 C. J. 558.