ELMORE v. BRINNEMAN ET AL.

[No. 9,855.    Filed May 15, 1919.]

1.  STATUTES.—*Construction.*—*Words.*—*Meaning.*—*Common Law.*—
    In the construction of statutes, the court will look to the meaning
    attached to the words and terms used therein by the common
    law, and they will be deemed to be employed in their known
    and defined common-law meaning.  p. 224.

2.  BROKERS.—*Real Estate Brokers.*—*Exchange of Land.*—*Commis-
    sions.*—*Necessity of Written Contract.*—*Statute.*—Under §7463
    Burns 1914, Acts 1913 p. 638, providing that no contract for the
    payment of a commission for the finding or procuring of a pur-
    chaser for real estate shall be valid unless the contract is in
    writing, a real estate broker cannot recover a commission upon
    an oral contract for bringing about an exchange of land, since
    the term "purchaser," as used in the statute, includes one who
    acquires title to lands in an exchange of realty.  p. 225.

From Wells Circuit Court; *William H. Eichhorn,*
Judge.

Action by Daniel T. Brinneman and another against
Charles A. Elmore.  From a judgment for plaintiffs,
the defendant appeals.  *Reversed.*

*Frank W. Gordon,* for appellant.

*Abram Simmons* and *Charles G. Dailey,* for appel-
lees.

NICHOLS, J.—This was an action brought by the
appellees against the appellant to recover commission
for the exchange of real estate owned by the appel-
lant, for other real estate which appellees, as brokers,
had for exchange.  The complaint was in two para-
graphs, to each of which the appellant filed a demur-
rer, which demurrers were each overruled, and to
which ruling the appellant excepted.  Appellant then
filed a general denial, and the cause, being at issue,

was submitted to a jury for trial, and there was a judgment in favor of the appellees for $100. After motion for a new trial, which was overruled, the appellant now prosecutes this appeal.

The errors relied upon for reversal are: (1) Overruling the demurrer to the first paragraph of complaint; (2) overruling the demurrer to the second paragraph of complaint; (3) overruling the motion for a new trial.

The substance of the second paragraph of complaint, so far as is necessary for this decision is as follows: The appellant was the owner of certain real estate in Wells county, Indiana, in the complaint described, which he was desirous of exchanging for other real estate situate in Wells county, in the complaint described. Appellant placed his real estate with the appellees and directed them to exchange the same for the real estate which he desired as above mentioned, a cash difference to be paid to appellant of $500. Appellant agreed to pay appellees $100 if they were able to induce the owner of the second mentioned tract to exchange the same for appellant's lands upon the terms stated. The appellees induced such owner so to trade his farm for the one owned by the appellant, paying the cash difference of $500, and such exchange actually took place as the result of the efforts of the appellees. The complaint alleges nonpayment, and that the amount agreed upon is due and unpaid. The first paragraph of the complaint is substantially as the second, though not so specific.

The appellant contends that, under §7463 Burns 1914, the contract, being an oral contract, is not valid, and that there can be no recovery upon it. This section was originally enacted March 5, 1901, at which

time it was as follows: ''That no contract for the payment of any sum of money, or thing of value, as and for a commission or reward for the finding or procuring, by one person, of a purchaser for the real estate of another shall be valid, unless the same shall be in writing, signed by the owner of such real estate or his legally appointed and duly qualified representative.'' The section was amended by the act of March 5, 1913, §7463 Burns 1914, Acts 1913 p. 638, by adding a proviso thereto, which, however, does not affect it as to the question involved in this action. If this section covers a sale or purchase of real estate for a money consideration only, the demurrers were properly overruled, but if it includes also an exchange of real estate, then the demurrers should have been sustained. Before the enactment of this section, the Supreme Court of this state in the case of *Falley* v. *Gribling* (1891), 128 Ind. 110, 26 N. E. 794, had adopted Washburn's definition of the word ''purchase'' (See 3 Washburn, Real Property [6th ed.] §1824, p. 3), which defines it as including every mode of acquiring an estate known to the law, except that by which an heir, on the death of his ancestor, becomes substituted in his place, as owner, by operation of law. At the time of such enactment, Webster's Dictionary defined a purchaser as being one who acquires an estate in lands by his own act or agreement, or who takes or obtains an estate by any means other than by descent or inheritance. See, also, *Roberts* v. *Shroyer* (1879), 68 Ind. 64.

The terms ''sale'' and ''purchase'' are correlative terms. By the statute of frauds, §7462 Burns 1914, §4904 R. S. 1881, any contract for the sale of

1. lands, to be valid, must be in writing, and signed by the party to be charged therewith.

Under this section it was held in the case of *Bradley*
v. *Harter* (1901), 156 Ind. 499, 506, 60 N. E. 139, that
an oral agreement to accept conveyances of other
lands in consideration for lands sold is open to the
objection of the statute of frauds. The legislature is
presumed to have had these holdings of the court in
mind at the time of the enactment of the section of the
statute here involved, and to have used the words
therein with a meaning in harmony with that given
by the courts. In the construction of statutes and in
determining the meaning of the words and terms em-
ployed, we are to look to the meaning attached to
such words and terms by the common law, and they
are deemed to be employed in their known and defined
common-law meaning. *Truelove* v. *Truelove* (1909),
172 Ind. 441, 86 N. E. 1018, 88 N. E. 516, 27 L. R. A.
(N. S.) 220, 139 Am. St. 404. Under this interpreta-
tion of the law, the legislature must have in-
tended that the finding of a purchaser for real
estate included, not only the finding of some
one who would pay a money price for the real estate
offered for sale, but as well any one who by his own
act was ready to acquire title to such real estate, by
the payment of a valid consideration therefor,
whether in money or other thing of value. It has
recently been held by this court, in the case of *Boyd*
v. *Greer* (1919), *ante* 77, 123 N. E. 122, that the sale
of land may take the form of an exchange, and that
when this is done, in the absense of fraud, it has the
same legal effect as if the agreed value thereof has
been paid in money. In the case of *Herr* v. *McConnell*
(1918), 67 Ind. App. 529, 119 N. E. 496, the following
contract, omitting caption and signatures, was in-
volved: "I hereby agree to pay to John McConnell

Two Dollars and 50 cents per acre for trading my 615 acre farm at Hopkins Park, Ills. for garage at Hoopeston, Ills. when deal is closed,'' and the court, in speaking of it, said that the section involved, being said §7463, *supra,* provides that contracts of the kind involved in that case shall not be valid unless the same shall be in writing and signed by the owner of such real estate. Under these authorities it is clear that the legislature intended that the purchaser may be not only one who was ready to pay a money consideration for real estate conveyed to him, but that he may as well be one ready to exchange his real estate, or other property, in consideration therefor.

With this view of the law, we hold that an action cannot be maintained upon the oral contract which was the basis of this action.

The judgment is reversed, with instructions to the trial court to sustain the demurrer to each paragraph of the complaint.