LEWIS ET AL. *v.* POPEJOY ET AL.

[No. 9,954. Filed June 20, 1919.]

BROKERS.—*Real Estate Brokers.—Exchange of Lands.—Commissions.—Necessity of Written Contract.—Statute.*—Under §7463 Burns 1914, Acts 1913 p. 638, a real estate broker cannot recover a commission for his services in bringing about an exchange of land unless he has a contract with his employer in writing.

From Wells Circuit Court; *William H. Eichhorn,* Judge.

Action by Harry E. Popejoy and others against Sam Lewis and another. From a judgment for plaintiffs, the defendants appeal. *Reversed.*

*Frank W. Gordon,* for appellants.

McMAHAN, J.—Appellants owned a farm of eighty acres, which they desired to exchange for a smaller one. They engaged appellees, who were real estate brokers, to find an owner of a small farm who would exchange farms with appellants. The only question for our determination is: Must contracts of this character to be in writing in order to bind the owner of the

real estate for the payment of a commission? If so, this cause must be reversed; otherwise affirmed.

It was held in *Elmore* v. *Brinneman* (1919), *ante* 222, 123 N. E. 248, that §7463 Burns 1914, Acts 1913 p. 638, applied to a contract of this character, and that the broker could not maintain an action for his commission unless the contract was in writing.

The court erred in its conclusions of law. Cause reversed, with direction to the court to restate its conclusions of law in favor of appellants, and to render judgment accordingly.