HATFIELD *v.* THURSTON ET AL.

[No. 13,007.   Filed March 30, 1928.   Rehearing denied June 22, 1928.]

*Harry D. Hatfield,* for appellant.
*John J. McShane,* for appellees.

NICHOLS, J.—Action on contract by appellant, seeking to recover from appellees $275 as a commission for selling appellees' real estate, which contract was in writing, and signed by appellees. The issues, formed by appellees' general denial to the complaint, were submitted to the court for trial and the court heard the evidence submitted by appellant, at the conclusion of which, counsel for appellees moved the court to find for appellees, and the court sustained the motion, and rendered judgment on its finding for appellees, from which this appeal is prosecuted.

The error assigned and presented is the court's action in overruling appellant's motion for a new trial, under which we consider only that the decision of the court is not sustained by sufficient evidence.

Appellees made substantial objection to appellant's original brief. Thereupon, appellant, by leave of court, filed an amended brief, which amended brief appellees have also forcefully challenged. But while we do not commend such amended brief as a model of perfection, we are fully satisfied that appellant has made a good faith effort to present the errors which he alleges, and from it we think we understand the question involved so as to reach a right result.

It appears by the evidence that the purchaser of the real estate involved, after some preliminary negotiations, delivered to appellant a written and signed proposition to purchase such real estate, together with a deposit of $100 as earnest money. Appellees had theretofore authorized appellant to find a purchaser for their property and had orally agreed to pay him a commission for such services. Such proposition was presented to and accepted by appellees in writing, such written acceptance being in the following words, to wit:

> "As owners of the above described real estate, we hereby accept the above proposition this 16th day of July, 1926, and agree to pay Harry D. Hatfield the sum of $275 for his services."

Thereafter, it appears by the evidence, that appellees and the purchaser came to appellant's office to close the deal, at which the purchaser asked for a deed to the property, but as such purchaser had agreed to pay the purchase price of $5,500 by paying $1,000 cash upon the delivery of a good and sufficient general contract and to pay the remainder of the purchase price at the rate of $45 per month (on the first of each and every

calendar month), with seven per cent. interest, the same to be computed every six months, appellant informed the purchaser that it was not proper to give her a deed at that time. Thereupon, the purchaser demanded the return of the $100 earnest money, which was refused, and appellees and the purchaser left the office. Thereafter, appellees informed appellant to keep out of the deal and, in a few days thereafter, appellees and the purchaser, between themselves, closed the deal.

The foregoing appears, as stated above, by appellant's evidence, appellees having offered no evidence. It is clear that the trial court erred in sustaining appellees' motion, at the close of appellant's evidence, to find for appellee, and that the judgment upon such finding is not sustained by the evidence. To permit appellees to accept the benefits of appellant's services in obtaining a purchaser for their real estate and then to discharge him without compensation, would be to permit them to perpetrate a fraud on him.

It is well settled that where the owner of real estate agrees with a broker that if he will find a purchaser for such real estate, he will be paid a commission for his services, and in pursuance to such agreement, a contract of sale in writing was entered into, in this case in the form of a written proposition and written acceptance, which included an agreement to pay the broker for his services, the statute, §8048 Burns 1926, will be satisfied and the broker will be entitled to his commission. *Love* v. *Miller* (1876), 53 Ind. 294, 21 Am. Rep. 192; *Farland* v. *Lillard* (1891), 2 Ind. App. 160, 28 N. E. 229, 50 Am. St. 234; *Shelton* v. *Lundin* (1910), 45 Ind. App. 172, 176, 90 N. E. 387.

Judgment reversed, with instructions to grant a new trial.