AMOS P. PRITCHARD, *Plaintiff in Error*,

*vs.*

DANIEL HOWELL, *Defendant in Error.*

ERROR TO THE CIRCUIT COURT OF JEFFERSON COUNTY.

To take a case out of the statute of limitations, on the ground of a new promise; there must be an admission of the debt or obligation, and an unqualified promise to pay the debt or perform the contract, made within the time limited by the statute. The mere admission of a legal liability is not sufficient.

This promise must be such an one, as if original, and made upon adequate consideration, would of itself support an action.

The moral obligation of the original contract may be a sufficient consideration to support the new promise.

The statute of limitations is not designed to establish a rule for presumption of payment. It is not designed to affect, alter, or modify any rule of evidence, or to create any new rule. It regards the remedy only. Its object is, not to establish a presumption, that demands six years old, have been paid, but to close the judicial tribunals against their prosecution.

This is an action of assumpsit, commenced by the plaintiff in error, against the defendant in error, in the Circuit Court of Jefferson county, on the 31st day of October, 1851. The cause of action was a promissory note, for the sum of $729.31, dated, New York, August 26, 1844, due six months after date, payable to the order of Spears & Vanderhoof, at the counting of George Smith & Co., in Chicago, with exchange on New York, signed and delivered by the defendant, and endorsed by Spears & Vanderhoof, to the present plaintiff.

The declaration contains the usual common counts, accompanied with a copy of the note endorsed thereon.

The defendant pleaded :

1st. Non-assumpsit.

2d. Non-assumpsit infra sex annos.

3d. Payment.

Issue was joined upon the first plea. To the second, the plaintiff replied a new promise, within six years, before the commencement of the suit. To the third plea, the plaintiff replied generally, denying the payment. Issue was made up on all these pleas, which came on to be tried at the April term of said Circuit Court, 1852, before the Court, a jury having been waived.

On the trial, the counsel for the plaintiff offered and read the note in evidence, also several endorsements thereon.

The counsel for the plaintiff then offered, and read in evidence, the deposition of William T. Burgess, who testified therein, that he had known the defendant personally, about nine years; that he (the witness) was a lawyer, residing at Belvidere, in the State of Illinois.

To the third interrogatory, viz: Look at the instrument in writing now here produced and marked "Exhibit A," and purporting to be a note for the payment of money, signed by D. Howell, and state whether you ever presented the same to the said Howell, and if so, when and where, who was present besides yourself and said Howell, and what did he say, if anything, in reference to his liability upon the said note? The following is a copy of the paper marked "Exhibit A :"

"$729.39.          "New York, 26, 1844.

"Six months after date, I, the subscriber, of Rockford, State of Illinois, promise to pay to the order of Spears & Vanderhoof, seven hundred twenty-nine

dollars and thirty-nine cents, at the counting room of Geo. Smith & Co., in Chicago, with exchange on New York, for value received.

"D. HOWELL."

On the back of the note were the following endorsements:

"SPEARS & VANDERHOOF: Received on the within note, through M. S. Malony. three hundred and seventy-one dollars and ninety-eight cents, ($371.98,) July 4, 1845."

To which third interrogatory, the said witness answered as follows:

"I presented said note to said defendant some time in the month of July, 1851, at Jefferson, in the State of Wisconsin; there was no other person present besides himself and me, and he admitted to me that he was liable for the face of said note and interest, after deducting thereout the endorsement, then and now on the back of said note, and that he had never paid any thing more than said endorsement on said note ; this is the substance of the conversation, the precise words I cannot now give."

Upon this evidence the cause was submitted to the court, who rendered judgment in favor of the defendant, to which the plaintiff excepted.

*D. Noggle*, for the plaintiff in error, insisted that the evidence of the witness, Burgess, was sufficient to establish a new promise, and to take the case out of the statute, and cited *Goodman vs. Town of Bradford*, and *Stokes vs. Brown*, cases decided by this court, not reported ; *Gailor vs. Grunnell*, 2 *Aik.* 349 ; *Balow vs. Bellamy*, 7 *Vt. R.* 54 ; *Olcott vs. Scales*, 3 *id.* 173 ; 12 *id.* 256 ; 13 *id.* 574 ; 14 *id.* 394 ; 15 *id.*

471–560–576 ; 10 *id.* 133 ; 18 *id.* 485 ; 20 *J. R.* 586 ;
2 *Pick.* 369 ; 15 *J. R.* 4–11.

*J. E. Holmes*, for the defendant in error, insisted :

1. That the testimony of the plaintiff does not show a promise to pay.

2. An acknowledgement of a debt, barred by the statute of limitations, is not itself sufficient to take the case out of the statute, unless it is a direct and positive admission of a subsisting debt which the party is liable and willing to pay. 1 *Peters' U. S. R., Bell vs. Morrison*, 351 ; 3 *Wend.* 187 ; *id.* 536 ; *Allen vs. Webster and Wife*, 15 *id.* 284 ; *id.* 302 ; *Cocks vs. Weeks*, 7 *Hill*, 45 ; *Manning vs. Wheeler*, 13 *N. H.* 486.

3. When a direct promise is not made, and one is to be inferred from an acknowledgment, it is a question of fact for a jury alone to determine. *Danforth vs. Culver*, 11 *J. R.* 146 ; *Clark vs. Sigourney*, 17 *Conn.* 511.

4. The finding of the court upon the evidence, was equivalent to the finding of a jury, had one been called in the case, and the finding of the jury in such case cannot be assigned for error. *Watkins vs. Stevens*, 4 *Barb. Sup. C. Rep.* 168.

[It should be remarked, that the counsel for the plaintiff in error, was not present personally at the argument, but sent in his brief afterwards to the court, the same having been submitted to the counsel for the defendant in error.]

*By the Court*, SMITH, J. The only question in this case arises under the statute of limitations.

The defendant pleaded the statute, viz : that he did

not assume and promise within six years, &c. The JUNE TERM, 1853. plaintiff replied a new promise within six years. Upon this, issue was joined. Pritchard vs. Howell.

To any one, who has never calculated the resources supplied by legal acumen and professional ingenuity, it will appear strange, how so plain and simple a statute, could have become the subject of such great diversity of opinion, as has characterized the adjudication upon the one under consideration.

The language of the statute is simple, and it would seem to admit of but one construction, and from its very simplicity and clearness, to defy evasion.

" The following actions shall be commenced within six years next after the cause of action shall accrue, and not afterwards." *Rev. Stat. Chap.* 127, *sec.* 14, *page* 643.

Yet it cannot be denied that the courts have manifested no small degree of hostility to this law, and have sought out numerous contrivances to evade its most obvious provisions. Lord Mansfield held that the slightest acknowledgement was sufficient to take a case out of the statute ; such as, "I am ready to account, but nothing is due you;" and even much slighter acknowledgements. *Trueman vs. Fenton, Camp.* 548 ; *Quantock's Assignees, &c. vs. England,* 5 *Burr.* 2630. A rule obtained in Equity, that a provision in a will by a testator, for the payment of all his just debts, was to be considered as a waiver by him of the benefit of the statute. 1 *Salk.* 154 ; *Gofton vs. Mill,* 2 *Vern.* 141.

In another instance, it was remarked by a distinguished jurist, that an advertisement by a debtor, notifying all that have any just debts owing to them, to call at a certain place and obtain payment, was suffi-

cient to bring the case out of the statute. (*Lewis'* *Ex'r vs. Bacon's Legatee*, 3 *Henn. & Mumf.* 109.) Decisions and dicta of the kind above quoted, upon a statute so simple and plain, can only only be accounted for, upon the hypothesis of a settled aversion to the act, and a firm conviction of its injustice. Most of them date from the time of Lord Mansfield, who had no hesitation in condemning the act, and in denouncing the defendant, who should avail himself of such a plea.

The current of modern decisions, however, has departed farther and farther from the rule adopted by him, and followed by others, and is approaching nearer to the plain and obvious intention of the law, though it is difficult to reconcile very many of these modern decisions with the admitted rules which are to govern in the construction of statutes.

The question may be regarded as an open one in this State, and we feel at liberty to settle the rule according to our own views of public policy, and to our own obligations of fidelity to the statute.

We do not regard this statute as one establishing a rule for presumption of payment. If it were so, then indeed, the presumption it furnished could be rebutted like other presumptions, and evidence like that mentioned in the cases previously cited, might be sufficient for such purpose. After a lapse of twenty years, the law presumes a debt to have been paid. Yet this is presumption only. The plea which renders it available, is equivalent to a plea of payment. But the statute in question is a positive prohibition to the commencement of the action. The common law presumption does not disable the plaintiff from suing.

The statute does. The former leaves the action open and unimpaired, to be sustained by evidence; the latter takes the action away altogether. . The one aims at the degree and nature of the proof, the other annihilates the remedy itself. The mistaken notion that this law was enacted in aid, and in modification of common law presumption of payment, may have led to many of the singular opinions pronounced upon it. It must be borne in mind, however, that it has no relation whatever to such presumption. It was not designed to affect, alter, or modify any rule of evidence, nor to create any new rule. It does not change the character of any claim, debt or demand, but regards the remedy merely, by which they are to be enforced. Its object is not to furnish evidence, that demands six years old have been paid or satisfied, but to close the judicial tribunals against their prosecution.

The mandate of the statute is, that these actions shall be commenced within six years, and " *not afterwards.*" How is this prohibition to be avoided? One would suppose, that nothing short of an equivalent to a new cause of action, arising within six years. Or, in other words, a new, unqualified promise; such a promise, as, if original, and made upon adequate consideration, would of itself support an action. Certainly, not acknowledgements and admission, such as are merely evidence of a promise, but not a promise itself. We are not disposed to deny, but on the contrary, cheerfully admit, that the moral obligation of the original contract may be a sufficient consideration to support a new promise. But the latter should be indeed a promise, not the evidence merely from which it may be inferred.

This court is not to judge of the morality of the

statute, but of its import and requirements. We desire not to enlarge or circumscribe its scope and effect. It may not, however, be improper to remark, that the peculiar circumstances of the people of this State render the policy of the law unquestionable. The residence here of a large majority of the population has been of short duration. Nearly all have removed, within a few years, from distant homes, and it is hardly to be presumed, that they have been able to preserve and transport with them the evidences of their former transactions. The witnesses to them are remote, or scattered, and their residences unknown. Sound policy, therefore, requires that this law should be so administered, as to make it what it was designed to be, " a statute of repose." Its enactment is held by all to be within the constitutional power of the legislature. It is therefore the duty of the court to yield obedience to its mandate, and when informed by the pleadings, of a demand attempted to be enforced, the prosecution of which is prohibited by law, no efforts at evasion of the law should be made or countenanced.

We hold, therefore, that to take the case out of the operation of the statute, there must be an admission of the debt or obligation and an unqualified promise to pay the debt, or perform the contract made within the time limited by the statute, or what is equivalent to such unqualified promise. The mere admission of a legal liability is not sufficient. This, we believe, to be the safest and wisest rule to adopt, and to such rule this court will adhere.

The case at bar does not fall within this rule, nor do we think it comes within the rule of the modern decisions. The only evidence relied upon, to sustain

the action, is that of Wm. T. Burgess, who says " he admitted to me that he was liable for the face of the said note and interest, after deducting thereout the endorsement then and now on the back of said note, and that he had never paid any thing more than said endorsement on said note. This is the substance of the conversation at the time, on the subject, the precise words I cannot now give."

The witness gives his own construction of the language of the defendant. His words he does not give. The most that can be made of it is, an admission, in the judgment of the witness, on the part of the defendant, of what he supposed a legal liability, or, perhaps a liability as imported by the face of the note.

There is no acquiescence in such liability; there is no disclaimer of defence, or, in the language of some of the authorities, no " willingness to pay."

Another reason for the rule here recognized, is to be found in the nature of the evidence, almost always resorted to, and relied upon, to take the case out of the statute, viz. the confessions or admissions of the defendant; a species of evidence, easy to manufacture, difficult to rebut, often issuing through interested channels, and in the most favorable aspect, reflected from the memory, or inferences of the witnesses.

As to the fourth point of the defendant in error, it may be remarked, that we have considered the case the same as though instructions to a jury had been asked in regard to the legal effect of the evidence offered, and either given or refused, and exceptions taken, so as to bring the law upon the evidence before this court. This practice is not deemed objectionable in those cases in which a jury has been waived, and the matters both of fact and of law submitted to

June Term,
1853.

Pritchard
vs.
Howell.

the court. It is to be presumed that the court found upon the evidence, as the jury would have done under the instructions of the court. In this case, the evidence was very brief, and without conflict, and the finding of the court or jury could only be, the application of the legal principle to the facts stated and undisputed. Without attempting, however, to settle any precise rule of practice in similar cases of trial by the court on the waiver of a jury, we have found no difficulty in this case, in reaching the point sought by the parties to have determined.

We do not think the issue presented by the replication of the plaintaiff sustained on his part. The finding of the Circuit Court was correct, and the judgment of that court must be affirmed, with costs.