Filed Feb. 25, 1891.

---

No 14,748.

## Cox *v.* Haun.

REAL ESTATE AGENT.—*Exchange.—Commission from Both Principals.*— Where a real estate broker, with property in his hands for sale, brings together the owner thereof and another owner who employs him to make an exchange, he is entitled to compensation from the latter, if he acts in good faith, and the parties make their own bargain uninflueneed by his representations.

From the Boone Circuit Court.

*S. M. Ralston* and *M. Keefe,* for appellant.

*T. W. Lockhart,* for appellee.

ELLIOTT, J.—This case has been twice tried, and the result in each instance has been against the appellant. He asks a reversal upon the ground that the trial court erred in denying him a new trial.

The point is made that the verdict is not sustained by the evidence, and, in support of this point, it is urged that the evidence fails to establish a fact essential to a recovery. The fact which it is said is not proved is that the appellant did not have knowledge that the appellee was acting for the parties in making an exchange of real estate. To understand the question it is necessary to outline the facts. The appellee was a real estate broker, and had in his hands for sale a farm belonging to Avery Fish. The appellant asked the appellee if he had a farm which he could exchange for property in the city of Lebanon, and this opened the negotiations which led to the exchange of property. After several interviews the two owners were brought together, and an exchange effected, the owners fixing the terms of the exchange. The meeting took place in the appellee's office, and the terms of the exchange were there agreed upon by the owners themselves without any suggestions as to terms from the broker. The appellee, in his testimony, says that the owners " knew that he was acting as agent for them both," and he also testifies that the appellant agreed to pay him a commission of one and a half per cent. This evidence fully sustains the verdict. It is probable that without any direct testimony showing that the appellant knew that the broker was acting for the other party to the exchange the fact that he was so acting would be necessarily inferable from the fact that the appellant knew the business in which the appellee was engaged, and knew that he already had in his hands, as broker, the property of the other party to the contract of exchange.

If an owner goes to a broker and promises to pay him a commission for effecting an exchange with another owner who has already employed the broker, it is no more than reasonable to infer that he does so with knowledge that if the

broker rendered service to both parties he will expect compensation from both of them.

It is a mistake to suppose that an ordinary real estate broker occupies the same position as an agent employed to buy or sell specific property, for such a broker is generally a middleman, employed to bring the principals together, and give them an opportunity to effect an exchange of property. *Pape* v. *Wright,* 116 Ind. 502; *Vinton* v. *Baldwin,* 88 Ind. 104; *Alexander* v. *North Western Christian University,* 57 Ind. 466; *Rowe* v. *Stevens,* 53 N. Y. 621; *Rupp* v. *Sampson,* 16 Gray, 398; *Barry* v. *Schmidt,* 27 Alb. L. J. 297; *Stewart* v. *Mather,* 32 Wis. 344; *Herman* v. *Martineau,* 1 Wis. 136. If the broker is guilty of fraud, or if he takes any advantage of his position to the injury of his principal, he can not recover commissions; but where, as here, he acts in good faith, brings the principals together in his own office, and they make their own bargain, uninfluenced by any representaations of his, he is entitled to compensation.

The trial court did not err in treating the showing for a new trial, upon the ground of newly-discovered evidence, as insufficient.

Judgment affirmed.

Filed Feb. 19, 1891.