No. 439.

## LEARNED v. MCCOY.

REAL ESTATE.—*Commission.*—*Contract of Employment.*—*Construction of.*—*Date of Expiration.*—Where the owner of a piece of property entered into a contract with the plaintiff, a real estate agent, whereby he placed the same in the hands of the plaintiff for sale, and stipulated that he should have the exclusive privilege of offering the property for sale, and of selling the same at a stipulated commission for the space of six months from the date of the contract until the cancelling of the same, the owner reserving the right to withdraw the sale of the property and cancel the contract at any time by paying the agent his commission, the plaintiff's rights under the contract ceased at the expiration of six months from its date, and the owner, having sold the property long after that time without the plaintiff's assistance, is under no obligation to pay the commission. The contract must be considered as an entirety, and, so considered, the clause concerning cancellation relates to the withdrawal of the property according to the terms agreed upon before the expiration of the period for which the contract was to run.

From the Blackford Circuit Court.

Learned *v.* McCoy.

*B. G. Shinn, E. Pierce* and *G. H. Koons,* for appellant.
*D. H. Fouts, A. M. Waltz, J. Cantrell* and *S. W. Cantrell,* for appellee.

CRUMPACKER, J.—Learned sued McCoy to recover a commission for the sale of real estate.

The complaint alleges that the plaintiff was a real estate agent in Hartford City, and on the 19th day of September, 1889, he entered into a written contract with the defendant by the terms of which he was to have the exclusive right to sell the defendant's real estate for the period of six months and until the contract was cancelled, at a commission of three *per centum;* that he proceeded to advertise said real estate for sale and made numerous attempts to sell the same; that on the 27th day of January, 1891, the defendant sold said real estate for $3,000 receiving $1,500 as the cash payment. It is further averred that the contract had never been cancelled, and that the commission was due and unpaid.

A copy of the contract was set out with the complaint, and is as follows:

"OFFICE OF JUDSON LEARNED,
"REAL ESTATE AGENT,
"HARTFORD CITY, INDIANA.

"This agreement, made this 16th day of September, 1889, by and between William G. McCoy, of Blackford county and State of Indiana, and Judson Learned, of Hartford City and State of Indiana, to wit: That in consideration of the agreement made below, said William G. McCoy places his property in the hands of Judson Learned as his agent, and, gives him the exclusive privilege of offering his farm for sale and selling the same for the space of six months from this date and until the cancelling of this agreement. The property described as follows: The west half of the northwest quarter of section eight (8) in township 23, range 11 east, containing 80 acres, for the sum of thirty-eight hundred dollars, in payments as follows: $1,000 cash, balance

in payments of such lower amounts as I may agree to accept. The deferred payments to be secured by notes and mortgage on the premises and to bear interest from date with six per cent. interest per annum.

"The said Learned, upon his part, agrees to use his best judgment and ability to effect a sale of the above described property by showing and advertising the same in such a way as the said Learned may think best. Learned agrees to make deeds and mortgages free; the said McCoy also agrees to assist Learned in any way he can in making said sale by showing property to persons desiring to purchase, and when sold will execute or cause to be executed a good and sufficient warranty deed, and agrees to pay said Learned a commission of (3) three per cent. for his services. Said commission to be due and paid out of the first money paid on sale. Said McCoy reserves the right to withdraw the sale of said property and cancel this contract at any time by paying said Learned his commission."

Signed by both parties.

A demurrer was sustained to the complaint, and judgment rendered thereon in favor of the defendant.

The ruling of the court in sustaining the demurrer is the only question presented by the record for review.

The determination of this question must depend upon the construction given to the contract. If the contract ran for only six months from its date, the ruling of the trial court must be sustained, as the sale was made about ten months after the expiration of that period, and the appellant does not claim the sale was effected through his agency, or that he was instrmental in any respect in bringing it about.

The agreement was for the sale of the property at a specified commission, and this would have been earned by the appellant by procuring a purchaser ready to take the property upon the terms stated in the contract. *Cox* v. *Haun*, 127 Ind. 325 ; *Fisher* v. *Bell*, 91 Ind. 243 ; *Love* v. *Miller*, 53 Ind. 294.

It is plainly apparent that the commission is not for services in attempting to effect a sale, as it is expressly agreed that it shall not be due until a sale is made, and shall be paid out of the first payment received for the property.

But appellant insists that the contract was a continuing one, and remained in force and operative until cancelled by the act of the parties, while, upon the other hand, it is claimed that it was limited to six months, and had expired by force of its own terms long before the sale was made.

In the interpretation of a contract the real intention of the parties should be the aim, and the instrument should be construed as a harmonious whole, and in such a manner as to give effect to every provision when this can be done. Courts will not presume that parties intended to use any meaningless provisions unless compelled to. These rules are elementary.

If the contract in question had no limit in point of time, the appellee could never withdraw the property from sale without becoming liable for the commission. This construction would render nugatory the provision that the appellant should have the exclusive right of selling it for a period of six months.

Looking at the contract as an entirety, we think the intention is reasonably obvious that the appellant was to have the exclusive privilege of selling the property for six months, unless the appellee cancelled the contract before that period had expired, which he could do upon the payment of the stipulated commission. The clause, " and until the cancelling of this agreement," must be construed with reference to the other provision in the contract upon the subject of cancellation. It manifestly relates to the withdrawal of the property according to the terms agreed upon before the expiration of the period for which the contract was to run. Appellant's rights under the contract ceased at the expiration of six months from its date, and the appellee

having sold the property long after that time, without the appellant's assistance, is under no obligation to pay the commission.

The judgment is affirmed.

Filed March 15, 1892.