## JOHNSON V. MOCABEE.

*[Opinion Filed Jan 28, 1893.]*

1. HERD LAW—*Validity of Same*—Art. 3, Chap. 3, Statutes of Oklahoma, commonly called the "herd law," does not contravene the act of congress of July 30, 1883, (24 U. S. Stat. at large, p. 170), which prohibits the passage of a local law where a general law can be made applicable, and is valid.

2. LOCAL LAW—*Validity of Same*—In case of a constitutional provision prohibiting the enactment of a local law where a general law can be made applicable, the legislature must determine the question of the applicability of a general law, and a local law enacted in such case will be held valid by the courts.

*Error to the District Court of Canadian County, Hon. A. J. Seay, Judge.*

*E. E. Wilson,* for plaintiff in error.

*C. H. Carswell,* for defendant in error.

The opinion of the court was delivered by

CLARK, J. On the 20th day of March, 1891, the plaintiff in error, Johnson, commenced an action of replevin against the defendant, Mocabee, to recover the possession of seven horses and one mule. The defendant answered, setting up as a defense, that said live stock was destrained while trespassing and doing damage on his premises, and that he held the same for the purpose of securing the payment of damage done by said stock and the costs of the keeping of said stock and of appraising the damages.

To the answer, the plaintiff demurred on the ground that the answer did not state facts sufficient to constitute a defense to the aforesaid action.

The demurrer was overruled by the court, and the plaintiff, failing and refusing to plead further, and standing upon his demurrer, judgment was entered for the defendant for the return of the property, and in de-

fault thereof, for the aforesaid damages and costs and the costs of this action, to which the plaintiff excepted, and from which judgment he appealed to this court.

The position assumed is that article 3 of chapter 3 of the statutes of Oklahoma, commonly known as the "Herd Law," contravenes the act of Congress of July 30, 1883, found on page 170 of the 24th United States Statutes at large, and therefor is not valid and binding. The said act of congress provides:

"That the legislatures of the territories of the United States now or hereafter to be organized, shall not pass local or special laws in any of the following enumerated cases," omitting those not applicable to this case designated, "regulating county and township affairs."

And the closing paragraph provides that:

"It all other cases, where a general law can be made applicable, no special law shall be enacted in any of the territories of the United States by the territorial legislature thereof."

The herd law of Oklahoma is as follows:

"SEC. 279. Every owner of swine, sheep, goats, stallions and jacks, shall restrain them from running at large at all seasons of the year. And other stock shall be so restrained unless permitted to run at large as hereinafter provided in this act."

And § 280 provides for the districting of the counties, and provides for voting upon the proposition whether stock shall be permitted to run at large. Under this section the questions submitted to a vote are:

"Shall stock be restrained from running at large? Shall stock be restrained from running at large from between sunset and sunrise?"

And may also submit questions whether stock shall be restrained from running at large during certain other times and periods therein to be named.

"SEC. 282. If at such election a majority of the electors, residents of the districts so formed shall vote in favor of either one of such regulations, then the same

shall take effect and be in force within the district at the end of thirty days after the election so held, and shall continue in force until an election is called for a resubmission of the same question, aud if a majority of the electors of the same district voting thereon, shall vote against said regulation at the resubmission, then the regulation shall cease to be effective at the end of ninety days thereafter."

The sections next following provide a mode and manner of distraining stock trespassing and doing damage and of assessing the damage.

Section 309 is as follows:

"It is hereby declared that the provisions of this act in regard to restraining stock shall not apply to the county now known as Beaver county and the same is hereby declared a free range county; provided, however, that the people of said county may by petition as hereinbefore provided for free range have the privilege of voting on the restraining of stock."

According to said article 3, live stock is restrained from running at large in all of the Territory of Oklahoma, except Beaver county; provided, however, that the electors in the districts to be laid off, may permit stock to run at large. By said § 309, Beaver county is made a free range county; provided, however, that the people of the county may by a vote restrain stock from running at large.

The only difference prior to voting on the subject is, that in all the territory, except Beaver county, live stock was by statutes restrained from running at large; and in Beaver county live stock was permitted to run at large. Except in that particular, the statutes and rule of procedure were uniform all over the territory.

Does article 3 come within the inhibition of congress, prohibiting the territorial legislatures from passing special or local acts regulating county or township affairs?

Regulating county and township affairs is one of the

enumerated cases upon which the legislature cannot pass special or local laws. This is not one of those enumerated cases. The legislature did not attempt to regulate county or township affairs. It merely attempted to let the districts regulate their own affairs.

Said article 3 does not come within either the letter or the spirit of the non-enumerated cases.

Does said article 3 come within the clause prohibiting the legislature from enacting local laws where general laws can be made applicable?

Sutherland on Statutory Construction, p 75, lays down the rule as follows:

"It is now settled that laws, at least of local application, may be imperative or permissive; they may authorize the people of cities, villages, townships, counties, groups of counties or other limited districts not otherwise defined, than for the purpose of said act to determine for themselves local questions of police, taxation or any other matter affecting their local welfare, and the law may be conditioned to carry into effect their determination or option."

It then cites many cases where the popular vote has decided whether given laws shall be enforced locally, or not, and cites contributions to the building of railroads, bonding cities, removing county seats, license or prohibition of the liquor traffic, how paupers shall be kept, whether they shall or shall not have free schools, and whether domestic animals shall be permitted to run at large.

This is one of the non-enumerated subjects. Upon this class of cases, when acts have been passed the courts have generally considered the legislative judgment as conclusive and final. Courts are reluctant to enter upon the inquiry, and usually accept the judgment of the legislature, as exercised within its exclusive legislative domain. (Sutherland upon Statutory Construction, § 117.)

Johnson v. Mocabee.

The above quoted act of Congress of July 30, 1883, has its counterpart in the constitution of many of the states. It has been generally held, that in such cases the legislature has a discretion in non-enumerated cases, and that the court should not attempt to control the discretion of the legislature.( 7 Ind. 328; 1 Kans. 178; 50 Mo. 317.)

The whole act taken together, (the Herd Law,) leads to the conclusion, that the legislature did not intend to apply to the law restraining stock from running at large to the whole territory. By striking out § 309, a much broader scope would be given to the act than the legislature ever intended it should have. It was undoubtedly intended that the whole act should take effect. It frequently happens that a part of a statute may be constitutional and a part be void; and the void part not vitiate the other provision; but in such cases the valid part must be complete and in accord with the legislative intent, and it must not have a broader scope as to subject or territory when the void part is stricken out. Strike out § 309, and a broader scope is given to the article than the legislature intended. The result must be that the whole act must stand or it must be held void.

The legislature was composed of men of average good sense, who were familiar with the whole of Oklahoma and her wants, circumstances and surroundings of the people.

What are the facts? Beaver county is a narrow strip of land extending away to the northwest, 168 miles long and 34 miles wide. A large portion of it has not yet been brought into market. Its climate and rainfall are quite different from the rest of the territory. It is well and particularly adapted to the raising of live stock, in which industry the people are more largely engaged

than in the remainder of Oklahoma. The population is thinly scattered over that great county.

Were the settlers required to fence their stock or restrain it from running at large, the grass on those prairies would not only be of no benefit to humanity, but would be a constant menace to the lives and property of the settlers. The legislature thought it better to let the stock consume the grass, rather than let the burning grass consume the substance of the settlers and the settlers themselves.

In the other six counties organized at the time of the sitting of the legislature there were one or more families on each quarter section, who were engaged in farming and in raising stock on a much smaller scale.

The situation and surroundings of the people of these two localities, widely separated, were very different.

The legislature said to the people of Beaver county, your stock can run at large except in such districts as you may at any time vote to restrain it. To the people in the rest of Oklahoma it said, you shall restrain your stock, except in such districts as you vote to let it run at large·

Experience has taught us that special or local legislation has frequently become necessary in other matters, why not in this?

The Act of Congress and the similar constitutional provisions all recognize that fact. Who then must judge whether general or special laws will subserve the interests of the people best in the non-enumerated cases? Unquestionably the legislature in the first instance. If so, what right have the courts to control or review the action of that body? Shall this court say that that body did not legislate wisely?

The conclusion arrived at is, that the whole act is

valid and that the overruling of the demurrer to the answer was correct.

. The judgment of the district court is affirmed.

All the Justices concurring.