## T. A. HILL & SON v. PATTON & SCHWARTZ.

(Court of Civil Appeals of Texas. San Antonio. Nov. 12, 1913. Rehearing Denied Dec. 10, 1913.)

1. BROKERS (§ 88*)—CONFLICTING INSTRUCTIONS.

An instruction, in an action for commissions for assisting to exchange property, that if plaintiffs were acting as agents for both parties they could not recover was not inconsistent with an instruction that if the jury find certain facts stated to be true, they should find that plaintiffs did not occupy a dual trust relation.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 121, 123–130; Dec. Dig. § 88.*]

2. BROKERS (§ 86*)—ACTION FOR COMMISSIONS —SUFFICIENCY OF EVIDENCE.

Evidence, in an action for commissions for assisting in the exchange of realty, *held* to sustain a finding that defendant knew, when the contract was made with plaintiffs, that they had also undertaken to find a purchaser for the land of another who afterward exchanged with defendant.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 116–120; Dec. Dig. § 86.*]

3. APPEAL AND ERROR (§ 1064*) — HARMLESS ERROR—SUBMITTING ISSUES.

Any errors in an action for commissions for assisting to procure the exchange of realty, in charging upon the issue of ratification by defendants of the contract with plaintiff, after discovering that plaintiff was the agent for the other party, when ratification was not pleaded, was harmless, where the undisputed evidence showed that after all parties understood the relation between plaintiffs and such other, and after it was terminated, plaintiff and defendants changed their original contract by reducing the commissions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219, 4221–4224; Dec. Dig. § 1064.*]

4. BROKERS (§ 65*) — COMMISSIONS — AGENCY FOR BOTH PARTIES.

Even if defendants did not know, when they contracted with plaintiff for assistance in procuring a purchaser for realty, that plaintiff was also acting for one who subsequently exchanged property with defendants, such fact would not affect plaintiff's right to a commission if such relation between plaintiff and the other had been terminated when defendants learned thereof.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 48–50; Dec. Dig. § 65.*]

5. BROKERS (§ 67*)—COMMISSIONS.

A broker cannot act as agent for both the buyer and seller, and, if he does so, cannot claim commissions from either unless they both had knowledge of his dual agency, but this rule only applies where the agent has some discretion in fixing the terms, or has power to bind the principal to sell the property, and if the broker is a mere middleman employed to bring the parties together when they make their own bargain, he may recover commissions from both; not every agent being under the duty of obtaining the highest price possible for land listed with him for sale.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 52–54; Dec. Dig. § 67.*]

6. BROKERS (§ 88*)—ACTIONS FOR COMMISSION —SUFFICIENCY OF EVIDENCE.

Evidence, in an action for commissions in assisting to procure an exchange of realty, *held* to raise the issue of good faith in canceling the agency after plaintiff had interested another in defendant's property.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 121, 123–130; Dec. Dig. § 88.*]

Appeal from Lavaca County Court; S. F. Grimes, Special Judge.

Action by Patton & Schwartz against T. A. Hill & Son. From a judgment for plaintiffs, defendants appeal. Affirmed.

Sam C. Lackey, of Cuero, W. H. Blanton, of Gonzales, and McFarland & Lewright, of San Antonio, for appellants. Paulus & Ragsdale, of Hallettsville, for appellees.

TALIAFERRO, J. This suit originated in the county court of Lavaca county, and was an action by appellees for the recovery of $500 as commissions alleged to be owing to them by appellants for the alleged services of appellees in assisting appellants to effect an exchange of certain real properties owned by them for other property owned by one H. S. Dew and his wife. Appellees recovered a judgment in the trial court for the sum of $500, together with interest and costs of suit, and this appeal has been perfected in due form by appellants. This is the second appeal of this case. The former opinion, which was by the Court of Civil Appeals at Austin, will be found on page 1025 of 141 Southwestern Reporter. The case is fully stated in that opinion, and will not be repeated here.

Appellants' first assignment of error, presented as a proposition, and also followed by several subsidiary propositions, assails the general charge of the court upon the ground that it is upon the weight of the evidence. The portion of the charge criticised is the preliminary portion of the general charge,

wherein the court explains to the jury the nature of the issue. The expression complained of by appellants, if it stood alone and unexplained, might be open to objection, but the language of the court, as a whole, could not be misleading to a jury. The language is not happy in parts, but upon the whole the charge in this respect is sufficiently clear. The first assignment of error is overruled.

The second assignment of error complains of the court's general charge in instructing the jury "that even if plaintiffs had such a contract with defendants as the one alleged by plaintiffs, and even if plaintiffs had performed their duties themselves, still they could not recover herein, provided the jury should find that plaintiffs were also acting as agents of the said H. S. Dew for the sale of his wife's land in Lavaca county, unless the jury should also find that, pending negotiations between defendants and Dew, defendants were informed by plaintiffs of the terms of plaintiffs' contract with Dew, and that defendants, with full knowledge and understanding that plaintiffs were also acting for H. S. Dew, then ratified their contract, if any, with plaintiffs, either in words or by their acts."

[1] By the first proposition thereunder it is contended that this charge is in conflict with special instructions given by the court at the request of plaintiffs. We do not find it so. In the general charge the court informs the jury that if appellees were acting in a dual capacity as agents of both parties to the proposed trade, they could not recover from appellants; in the special charge they are instructed that in the event they find certain facts to be true, they shall then find that appellees did not occupy a dual trust relation. There is no inconsistency in these two statements.

[2] There is no merit in the second proposition under this assignment, which asserts that there was no evidence from which the jury could find that appellant had knowledge, at the time the contract was made between him and Schwartz, of the relation between appellees and Dr. Dew. Both Schwartz and Dr. Dew testified that appellant told them that he knew Patton & Schwartz had the Dew land for sale, and that this knowledge was what prompted him at first to call upon Schwartz.

The third proposition raises an issue which appellant urges with great earnestness; that is, whether the contract made by appellant and Schwartz was not void as against public policy. This point is presented also by appellants in their third, seventh, eighth, and eleventh assignments of error, which present the question in its various aspects as raised in the trial of the cause. The facts upon this issue are as follows: Several months before this transaction, Dr. H. S. Dew "listed" with Patton & Schwartz, of Hallettsville, Tex., who were his attorneys, the tract of 450 acres of land, named in this suit, for sale. The price at which it was to be sold was "$40 to $50 per acre," but any offers obtained were to be submitted to Dr. Dew. No authority was given the brokers to make contracts for, or in any way bind, Dr. Dew in reference to a sale of the land. Patton & Schwartz, the brokers, as attorneys, also held for collection a note of $5,000 due by Dr. Dew upon the purchase price of the land. On September 5, 1908, appellant T. Y. Hill, learning in some way that appellees held the said note and also were acting as brokers for Dew for the sale of the land, called upon appellee Schwartz and told him that he would like to trade Dr. Dew certain property in Hallettsville for the 490 acres in question, and proposed to Schwartz that if he would interest Dew in such a trade in a manner which would result in such a trade, he would pay to the firm of which he was a member— Patton & Schwartz—$1,000 commissions. Schwartz accepted the offer, and at once, on September 7, 1908, wrote to Dew telling him that Hill had approached him with reference to the trade, and that if Dew thought well of the proposition and wanted further information, he, Schwartz, would again see Hill and obtain it for him. He advised Dew that Hill valued the property at $20,000. Dew answered on September 19th, stating he had been away from home, but that he would be in Hallettsville soon, and would talk over the trade. He went to Hallettsville on October 7th, and called first upon Schwartz, and was sent by him direct to Hill. Hill and Dew discussed the sale most of the day, which resulted in a proposition by Dew to trade the land for the town property and $8,000 in cash or its equivalent. Hill did not accept the offer. During this conversation Hill told Dew that Schwartz represented him in the transaction, and that in event of the trade Dew would not have to pay any commissions. Later, upon the same day, Schwartz told Dew the same thing, and stated that any relation of agency between his firm and Dew was at an end. Dew returned to his home with full knowledge that Schwartz was the agent of Hill, and that no relation of agency existed between him and the firm of Patton & Schwartz in relation to the land. As stated, there was evidence to support the finding of the jury that Hill knew from the first of Schwartz's relation to Dew and acted upon the knowledge.

Early in November, and after all the above occurrences, Hill and Schwartz met on the streets of Hallettsville and at the request of Hill Schwartz agreed to reduce his commission and accept $500 instead of the promised $1,000. Hill and Schwartz had continued to negotiate with Dew, and Schwartz, at Hill's instance, had submitted several propositions to Dew, all less than the offer made him by Dew, all of which Dew had rejected, when, on November 25th, Hill wrote Schwartz a letter canceling his agency, and declaring

that nothing then pended between him and Dew. On December 5th, Hill wrote to Dew, informing him that he had discharged Schwartz, his agent, and proposing that they get together upon a trade. They did get together upon the identical trade that Dew had first offered; that is, to trade his land for Hill's Hotel and $8,000 cash, or its equivalent. Such are the facts sustained by the record, and in accordance with which the jury found against appellants.

[3] Appellants contend that since the plaintiffs did not specially plead a ratification of the contract after discovery of the alleged dual agency, the court erred in charging the jury upon that issue, and technically this was, perhaps, an error. But it was harmless, because the facts indisputably show that the alteration in the contract by which Hill agreed to pay appellees $500 was made after all parties were fully advised of the relations between appellees and Dew, and after they had been expressly terminated. There was nothing left to ratify. The parties were continuing to deal in the light of a full knowledge of every fact, and with every appearance of the utmost good faith, and there was nothing to ratify.

[4] It is urged that appellees must recover, if at all, upon their original contract, which they say was made while Hill was in ignorance of appellee's fiduciary relation to Dr. Dew. The jury have found that Hill was not ignorant of this fact at the time, but, assuming that he was, it could not change the condition. When he learned this fact and also the fact that the relation, whatever it was, had been terminated, he continued operating under the contract, altered only in the reduction of the amount of commission to be paid. We are asked to hold that, because appellant claims to have been ignorant of the fact that appellees were, at the time of his contract with Schwartz, acting as brokers, to find a buyer for the land for which appellants wanted to trade, the whole transaction was so tinctured with fraud and bad faith as to be against public policy and void. We can hardly imagine a more fair and open course of dealing than that above delineated, and can find no fact which indicates that appellees ever for a moment were, or considered themselves, the agents and under contract for remuneration from two principals. The propositions of law presented under these assignments are, in the main, correct and well supported by the authorities cited, but they are not applicable to the facts proven in this case.

The third, seventh, eighth, and eleventh assignments of error are overruled.

The fifth proposition under the second assignment of error and the twelfth assignment of error will be treated together. The first is as follows: "That portion of the court's general charge referred to in this assignment of error was also erroneous because therein the court omitted to instruct the jury that Dr. Dew also must have known of the dual agency of appellees in order to entitle them to recover from appellants herein."

[5] The twelfth assignment complains of the refusal of the court to give a special charge instructing the jury that "if the contract between appellants and appellees was entered into before Dr. Dew learned that appellees had undertaken to represent appellants for a commission in the matter of this trade, then that appellees could not recover because of the dual agency." This contention is no doubt based upon the elementary and familiar doctrine that a party cannot act in the capacity of agent for both the buyer and seller, or receive a commission from both, and from principles of public policy such an agent will not be allowed to collect a commission from either party, unless it be shown that both parties have full knowledge of the dual capacity in which the agent acts. Armstrong v. O'Brien, 83 Tex. 648, 19 S. W. 268; Mechem on Agency, §§ 798, 67, 643, 644; Ryan v. Kohler (Sup.) 46 S. W. 71; Tinsley v. Penniman, 12 Tex. Civ. App. 591, 34 S. W. 365; Leathers v. Canfield, 117 Mich. 277, 75 N. W. 612, 45 L. R. A. 33.

The above principle of law is applicable only to cases of agency in which the agent is clothed with some discretion in the matter of advising or negotiating, in fixing or agreeing to the price, or has the power to bind his principal by contract in reference to the property in question. It is not true that every ordinary real estate broker with whom land is listed for sale occupies the position of trust and confidence, upon whom rests the duty to obtain the highest price obtainable for his principal's land. McLure v. Luke, 154 Fed. 647, 84 C. C. A. 1, 24 L. R. A. (N. S.) 659; Pollatschek v. Goodwin, 17 Misc. Rep. 587, 40 N. Y. Supp. 682; Knauss v. Brewing Co., 142 N. Y. 70, 36 N. E. 867; Empire State Ins. Co. v. American Central Ins. Co., 138 N. Y. 446, 34 N. E. 200; Manders v. Craft, 3 Colo. App. 237, 32 Pac. 836.

If the duty of the broker is that of mere middleman to bring the parties together that they may treat with each other and make their own bargain, the position of the broker is in no wise improper or inconsistent. Atkinson v. Pack, 114 N. C. 597, 19 S. E. 628; Cox v. Haun, 127 Ind. 325, 26 N. E. 822; Vinton v. Baldwin, 88 Ind. 104, 45 Am. Rep. 447; Rowe v. Stephens, 53 N. Y. 621; Barry v. Schmidt, 57 Wis. 172, 15 N. W. 24, 46 Am. Rep. 35. There is no dispute here that the employment of appellees by Dr. Dew was simply to receive and submit to him cash offers for his property. They were not vested with any discretion of any nature, and their only duty was to advise the landowner of possible opportunities to sell.

In reference to the employment of Schwartz by Hill, the evidence is sufficient

to show that Schwartz was employed only to interest Dr. Dew in the trade to the extent of bringing him in contact with T. Y. Hill, and that all negotiations thereafter were to be conducted by Hill alone. Appellees were invested with no discretionary powers by either of the principals. No duty or power was vested in them to negotiate or close a trade. Their employment was to bring the parties together. These facts bring the case very clearly under the second rule above stated. Appellees were acting merely as middlemen, and, even in the absence of the showing of good faith on their part, there would have been nothing improper or inconsistent in their position. The fifth proposition under the second assignment and the twelfth assignment of error are therefore overruled.

What has been said disposes of the fifth, sixth, and fourteenth assignments of error, and they are overruled.

There is no merit in appellants' fourth assignment of error. The charge given by the court, and there complained of, was fully justified by the evidence.

[6] The ninth assignment of error presents the following proposition: "Where the owner of land employs a broker to render services in matter of exchange of properties between such owner and a third person, but no definite time is agreed upon within which such broker is to perform his undertaking, the broker is entitled only to a reasonable time within which to perform his undertaking, and if he fails within a reasonable time thus to perform, the owner has the right to revoke the agency, provided such revocation be made in good faith, and not for the purpose of evading the payment of commissions to broker; and, in a suit by the broker for commission, it is the duty of the court so to instruct the jury whenever the testimony raises such issue and the defendants request such instructions." This is a perfectly correct proposition of law, but not applicable to the facts in this case. Appellees were not employed to effect a sale or trade of the property, but to bring the parties together for the purpose of personal negotiations. The compensation of appellees was to be paid in case a trade was effected by the parties. The negotiations by appellee Schwartz with Hill were continued in some sort all the time from October 7 to November 25, 1908, upon which date Hill wrote to Schwartz a letter attempting to cancel his agency. On December 5, 1908, Hill wrote to Dew proposing to eliminate Schwartz and so continue the negotiations. On December 7, the trade was closed on exactly the terms originally proposed by Dew. We think this evidence quite sufficient to raise the issue of good faith on the part of Hill in canceling the agency, and, the court having fully charged the jury upon that issue in his general charge, there was no error in refusing the appellants' special charge. The ninth assignment is overruled.

No error appearing which justifies a reversal, the judgment of the lower court is affirmed.