## BYRNE v. JACOBS.

(Court of Civil Appeals of Texas. Dec. 13, 1913. Rehearing Denied Jan. 3, 1914.)

1. BROKERS (§ 65*) — COMMISSIONS — ACTING FOR BOTH PARTIES.

Where a landowner listed his property with plaintiff and defendant, who were then partners, and defendant agreed to pay plaintiff a commission if he could induce the landowner to accept a reduction of the price, so that he could purchase the land for himself, plaintiff, having induced the landowner to make the reduction, is entitled to his commission; it not appearing that he was occupying the inconsistent position of representing both parties, for the only claim was made against defendant, and the landowner had not agreed to pay a commission in case the sale was made to a member of the firm.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 48–50; Dec. Dig. § 65.*]

2. BROKERS (§ 65*) — COMPENSATION — RIGHT TO.

Where a real estate broker disclosed to the seller that he was also representing the purchaser, there was no breach of confidence precluding him from recovering a commission from the purchaser.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 48–50; Dec. Dig. § 65.*]

Appeal from Kaufman County Court; James A. Cooley, Judge.

Action by Tom Jacobs against D. O. Byrne. From a judgment for plaintiff, defendant appeals. Affirmed.

Huffmaster & Huffmaster, of Kaufman, for appellant. Woods & Morrow, of Kaufman, for appellee.

RASBURY, J. Appellee sued appellant in the court below for $500 for services as a real estate agent in procuring one Hunt to sell appellant a tract of land on terms satisfactory to appellant, and secured verdict and judgment. Appellee testified that appellant agreed to pay him $500 if he could induce Hunt to convey the land on terms acceptable to appellant; that he did so, and

that Hunt did convey the land. Appellant denied the contract in toto. Hunt, the owner of the land, also testified that appellee rendered no service in inducing him to sell to appellant on the terms he did sell. A number of witnesses testified that appellee's reputation for truth and veracity was bad. Other witnesses were introduced who directly and circumstantially corroborated both appellant and appellee. It was also shown upon trial, and is not disputed, that appellant and appellee were partners engaged in selling real estate for the owners thereof, and that the land which Hunt sold to appellant had been listed by Hunt with appellant and appellee for sale to any customer which they might find for the sum of $30,000, and that Hunt sold to appellant for $27,000, less than the amount fixed by Hunt when listed with appellant and appellee. Hunt knew at all times before selling to Byrne that it was for his own use that Byrne was seeking the land.

[1, 2] On this appeal appellant, under his only assignment of error, presents but one proposition, which is in effect that appellee was not entitled to recover, for the reason that he represented Hunt in the sale of the land and Byrne in the purchase, whose interests were conflicting. This court held, in Brand v. Odom, 156 S. W. 547, that it was the general rule that agents could not recover fees or commissions for services in effecting sales or exchange of lands, or for performing other like services, when acting for both parties for the reason that such dual capacity was opposed to public policy, in that it subjected the agent to the direct inducement to violate confidences conflicting in interest. The evidence in this case, however, falls short of bringing appellee within the rule. While Hunt had listed his property with appellant and appellee for sale to other parties, and had agreed to pay commissions in case of sale, it is undisputed that he at no time agreed to pay appellee any sum as commissions in case of sale to Byrne, nor is any claim made that he did so. Thus, as to Hunt, it will be seen that the evidence entirely fails to show any conflict in the interests of Hunt, the owner, and Byrne, the purchaser. In truth the very fact that appellee asserts his claim for commissions solely against appellant lifts the case out of the rule. Further, it is not disputed, and, if it was, the jury found, that Hunt knew when dealing with appellant and appellee that appellant was attempting to buy the land for himself and brother, and that appellee was trying to induce the sale to appellant, and hence all concerned had full knowledge of the exact situation, and no relation of confidence existed which could have been violated in order to make the rule applicable.

The judgment is affirmed.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes