## SOUTHERN ALKALI CORPORATION v. DISMUKES.

### No. 9984.

Court of Civil Appeals of Texas. San Antonio.

March 24, 1937.

Rehearing Denied April 21, 1937.

Keys & Holt, Johns, McCampbell & Snyder, and Jesse M. Davis, all of Corpus Christi, for appellant.

Sidney P. Chandler, of Corpus Christi, for appellee.

SMITH, Chief Justice.

This action was brought by B. W. Dismukes against Southern Alkali Corporation to recover a real estate broker's commission for procuring for the corporation a mineral interest in a certain tract of land owned by one Breckenridge, and situated in Nueces county. Dismukes recovered, in a jury trial, and the corporation has appealed.

The jury found, among other things, that appellant, through its agent, S. Maston Nixon, employed appellee to secure all the gas royalty and the unleased portion of said land, and that the efforts of appellee were "a procuring cause" of the purchase and sale of said interest to appellant. The parties agreed that 10 per cent. of the purchase price of said interest was a "proper fee" to the broker, in event he recovered. Appellee was awarded judgment upon that basis.

It appears from the record that Martindale Mortgage Company held a lien upon said land, to secure a very substantial debt; that the debt was past due and the mortgage company was threatening foreclosure, unless the debt was substantially reduced, and was therefore anxious that the land be leased so that the proceeds therefrom could be applied upon the mortgagee's claim. Appellee knew of the mortgage company's desire, and that company's agent had asked appellee to try to find a buyer for the lease, and agreed to facilitate delivery if appellee succeeded in selling it. In that connection appellant requested, and the court refused, the submission of a special issue inquiring if appellee "was representing Martindale Mortgage Company as a broker in attempting to effect a sale of the mineral interest involved in the controversy." The refusal to submit that issue is complained of in appellant's first assignment of error.

█ We conclude that the trial judge did not err in refusing to submit that issue. Appellant pleaded nothing but a general denial of appellee's petition, which was, in effect, that appellant employed appellee as a broker to procure the mineral interest involved, and agreed to pay him, if successful in procuring the interest, a commission of 10 per cent. of the purchase price. The claim that appellee also acted in the transaction as a broker for the seller, while acting for appellant in like capacity, in contravention of a familiar principle of public policy, constituted an affirmative defense to the suit, and should have been pleaded by the party relying upon it. The fact relied upon would not rebut the facts of appellant's case, but showed an independent reason why appellee should not recover, and should have been specifically pleaded in order to entitle appellant to introduce evidence and elicit a jury finding thereon. Byrne v. Jacobs (Tex.Civ.App.) 162 S. W. 8; Geyser Ice Co. v. Sharp (Tex.Civ. App.) 87 S.W.(2d) 883.

█ Moreover, the evidence did not warrant the submission of the requested issue. There is no pretense in the evidence or record at large, nor does appellant contend here, that appellee had any contract with the mortgage company to effect a sale of Breckenridge's (a third party) land, or that he had any authority or discretion, from either party, affecting the price or terms of the sale or purchase; or that he was to receive a commission from the mortgage company, or from the seller, in event he effected a sale, or that appellant was not fully informed of the relation of appellee and the mortgage

company. In the absence of such showing, the requested issue was properly refused. Byrne v. Jacobs, supra; T. A. Hill & Son v. Patton & Schwartz (Tex. Civ.App.) 160 S.W. 1155.

In its second assignment of error appellant complains of the refusal of the trial judge to submit appellant's requested charge instructing the jury "not to consider in your deliberations any testimony introduced before you on the trial of this case relating to conversations between I. W. Keys and B. W. Dismukes."

The jury found that appellant, through Judge I. W. Keys, employed appellee to procure the mineral interest in question, but further found that Judge Keys was not representing appellant with authority from it to negotiate for the purchase of that interest. The evidence showed that Judge Keys had numerous conversations with appellee in the matter, not only separately, but in company with appellant's concededly authorized agent, Nixon, and participated in all the negotiations culminating in the purchase of the property. The requested instruction would have excluded all the conversations between Judge Keys and appellee. Much, if not all, that testimony was admissible as bearing upon the whole case, and the trial judge correctly refused to order the whole of it stricken.

The trial judge submitted a special issue to the jury inquiring if "the efforts of" appellee "were a procuring cause of the sale," etc., and in that connection charged the jury "that a 'procuring cause' is the efficient cause, the one that necessarily sets the other causes in operation, producing the result alleged and for which recovery is sought, and whether a cause is proximate or remote does not depend alone upon the closeness in the way of doing in which certain things occurred. That an efficient, adequate cause being found must be deemed the true cause unless some other cause not incidental to it but independent of it is shown to have intervened between it and the result alleged."

▪ Appellant complains of the form of the issue because the use of the phrase "a procuring cause," instead of "the procuring cause," "places a less burden upon the plaintiff and a more onerous burden upon the defendant than is required by law." We are of the opinion that the use of the word "a" instead of the word "the" could not have misled the jury, in view of the definition of the term "a procuring cause," appended to the special issue. Under that definition the jury was required to find that appellee was the sole procuring cause in order to answer the question in the affirmative, and that requirement satisfied the law of the case. Appellant argues that "To permit appellee to recover upon a mere finding that he was 'a' procuring cause, or, in other words, one of the procuring causes could easily lead to the result that several independent brokers would each be entitled to a commission out of the same transaction." The argument is without merit, since there was no question in the case of any other broker's activities in this transaction, nor any evidence of such activities, nor is there any evidence of intervening or independent procuring causes other than appellee's activities. He was the only broker purporting to act in the negotiations, and the only jury question was whether his efforts led to the sale. The jury could not rationally have understood the question in the form submitted to mean anything else. We overrule appellant's third assignment of error.

▪ Appellant makes the further general objection to the form of said special issue upon the ground that it "does not present the true issue of liability." The objection, embraced in appellant's second proposition under the third assignment of error, is too general to invoke consideration, and is overruled.

▪ In its fourth and last assignment of error appellant contends that the finding of the jury that appellant was a procuring cause of the purchase and sale of the property in question was "against the great preponderance of the evidence and unsupported thereby." We have carefully examined the evidence upon that issue and conclude that, since it is such as reasonable minds might differ as to its effect and reach different conclusions thereon, this court is without authority to set aside the jury's finding thereon, or the judgment of the trial court approving that finding.

The judgment is affirmed.

On Motion for Rehearing.

In its motion for rehearing appellant questions the statement in the original opinion to the effect that the conversations between appellee and Judge Keys,

complained of in appellant's second proposition, were had in the presence of appellant's agent, Mr. Nixon. In that statement we erred. Mr. Nixon was not present at any of said conversations. The error becomes immaterial to the decision, however, in view of the conclusion now to be stated.

We held that the trial court did not err in refusing, upon appellant's motion, to strike the testimony of appellee wherein he related two conversations with Judge Keys, in which the latter agreed, in behalf of appellant, to pay appellee a commission if he procured for appellant the property here involved. In its motion appellant vigorously questions our holding upon that question, which is raised in appellant's second proposition. We have carefully reviewed the record, and conclude that that testimony was erroneously admitted over appellant's timely objection, and that it was technical error upon the part of the trial judge to refuse to strike that testimony, upon appellant's motion at the conclusion thereof. But in reviewing the statement of facts we find that in its cross-examination of appellee, appellant elicited from him substantially the same testimony as that here complained of, thereby rendering harmless its erroneous admission upon direct examination.

Appellant's motion will be overruled.